(No. 28419.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL R. MAYER, Plaintiff in Error.

*Opinion filed November 21, 1945—Rehearing denied Jan. 16, 1946.*

GILBERT ROSCH, of Granite City, and HENRY B. EATON, of Edwardsville, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and C. W. BURTON, State's Attorney, of Edwardsville, (FRED P. SCHUMAN, of Granite City, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Defendant, Paul R. Mayer, was found guilty by a jury in the circuit court of Madison county of the crime of assault with intent to rape. He was sentenced to confinement in the penitentiary, and sues out this writ of error to reverse the judgment of the circuit court.

While he assigns many errors, the only ones argued by his counsel are that the proof shows but an assault and battery, and that there is a total failure of the evidence to show, beyond a reasonable doubt, the specific intent charged in the indictment.

The evidence of the prosecutrix discloses that she had attended a show in St. Louis, and left there on a bus about 11:10 P.M. on June 17, 1943, going to Collinsville, in Madison county, Illinois. The defendant boarded the same bus and also rode to Collinsville. The prosecutrix left the bus at Main and Morrison streets, and she testified he also got off at that point. The defendant says he got off at a point a block further away. Her testimony shows she walked on the road towards her home, which was about two and one-half blocks distant, and defendant walked on the sidewalk, nearly even with her; that while she walked up the driveway of her own home the defendant jumped upon her back, cupped his hands over her mouth to prevent her calling for help, threw her upon the ground, kicked her in the stomach, and that her clothes were torn and stained, and that she finally succeeded in calling her father, who came out of the house, causing the assailant to flee. The evidence shows her nose was bleeding and her face scratched, her clothes torn, and that she soon thereafter called the police, who, from the information given, within an hour arrested the defendant and brought him to the place where she lived, where he was immediately identified.

There is no question but what the defendant was upon the same bus, as shown by the testimony of not only the prosecutrix, but also the driver of the bus. The defendant denies he got off at Main and Morrison streets, and absolutely denies that he knew the prosecutrix, or was guilty of any of the acts testified to by her. That she was assaulted by someone is amply established by the evidence, but the principal point urged upon this writ of error is that, assuming the testimony of the prosecutrix to be true, it

yet fails to establish that an assault was made with the intent charged in the indictment. In this respect we think counsel for defendant has overlooked, or misapprehended, the decisions of this court regarding crimes charging a specific intent.

Are the facts narrated by the prosecutrix sufficient to enable a jury to find the intent of the defendant in making the assault? The victim was a woman; she was a stranger to the defendant; the assault was made during the night, and in the seclusion of a driveway leading from the street to the house. The assault was violent; the prosecutrix was thrown to the ground; her clothes were torn and stained; and the assault ceased only when the father came from the house in response to the screams of the daughter. Under these circumstances, does the law require the offense to be limited to assault and battery because the intent was not voiced in language, or the victim had not been sufficiently overcome for the assailant's physical acts to more completely manifest his intention? We think, in determining the question of intent, the jury had the right to consider the experience of mankind. Law and education has not completely eradicated the evil instinct of some men to assault women. The survival of this evil instinct is recognized by the law, which permits a jury to convict, in cases of this kind, upon the uncorroborated testimony of a woman, if, from the circumstances, the jurors are satisfied of the defendant's guilt beyond a reasonable doubt. *People* v. *Peters,* 382 Ill. 549; *People* v. *Burns,* 364 Ill. 49.

It is for the jury to determine the intent. The intent to rape may become manifest from words, actions, violence or other conduct. In the same way actions may disclose whether the purpose is to be accomplished by undue familiarity, indecent proposals or insulting conduct. The distinction is pointed out in *People* v. *Maher,* 377 Ill. 488, where we said: "Where the attempt consists of indecent proposals, undue familiarity or insulting conduct, these, alone, with-

out an assault, which either from its violence or from threats accompanied by acts, indicates an intent to overcome the victim in spite of resistance, do not complete the crime; on the other hand, where the assault is violent and hostile and not in the nature of persuasion, the assault, together with the threats or other acts manifesting the purpose, if proved, establish the intent." Following the *Maher case* we held in *People* v. *Kruse,* 385 Ill. 42, that where the assault is proved, the intent may be gathered from acts as well as from words spoken during the assault.

In the present case all that was required to complete the crime of rape was the consummation of the act. As we have previously stated, the mere fact the victim successfully frustrates the purpose does not establish a lack of criminal intent upon the part of the assailant. The evidence was sufficient to be submitted to the jury upon the question of intent, and its verdict does not appear to be manifestly against the weight of the evidence.

Some criticism is directed at the manner in which the identification of the defendant was made by the prosecutrix. The manner in which this was done is subject to some criticism, but the identification was so complete, and so positive, and corroborated by the testimony of the driver of the bus, as to the same man being upon it at the same time, and alighting at the same place, that no serious error could be predicated upon the lack of proper procedure in identification.

The principal point argued, and really the only serious point in the case, is whether the acts testified to by the prosecutrix sufficiently characterized the intent of the defendant to enable the court to say that the verdict of the jury finding him guilty of assault with intent to commit rape is justified by the evidence. In the light of prior decisions upon this subject, we think the evidence shows the defendant guilty beyond a reasonable doubt, and the judgment of the circuit court of Madison county is affirmed.

*Judgment affirmed.*