(No. 40284.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ERNEST BONNER, Appellant.

*Opinion filed May 18, 1967.—Rehearing denied September 27, 1967.*

WARD, J., took no part.
SCHAEFER, J., and SOLFISBURG, C.J., dissenting.

SAM ADAM, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and DAVID B. SELIG, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Ernest Bonner, was found guilty by the court of attempted rape and sentenced to the penitentiary for a term of not less than one year nor more than ten years.

The record discloses that on February 20, 1965, at approximately 3:00 A.M., the complainant, Delpina Tricis, alighted from a bus at 85th and S. Halsted streets, Chicago, and proceeded toward her home a half block away through

a pedestrian tunnel beneath some railroad tracks. While in the tunnel she turned and observed a man following her. As she emerged therefrom the man sprang upon her back knocking her to the ground at the foot of a street light. The assailant, while on her back, reached underneath her coat and skirt and pulled down her slip, covering her mouth with his hand. She bit his hand as he tore at her blouse and attempted to pull off her skirt. During this time she was screaming and struggling. She heard a shot and the assailant then fled with three men in pursuit. She had a purse with her, but it had not been touched. The defendant was apprehended and brought back to the scene where complainant identified him. Her legs were bruised and bleeding, her face swollen, and her torn slip was lying on the sidewalk. At the police station complainant removed a small piece of human flesh from her mouth and noticed that one of defendant's fingers was bleeding.

. Earle Bozeman, while driving past 85th and Halsted streets, observed a woman, followed closely by a man whom he identified as the defendant, pass in front of his car. As he drove on he heard a scream, stopped his car, sounded the horn, and then ran to a police station a block and a half away to summon aid. Bozeman, accompanied by police officers, returned to the scene and saw defendant bending over the complainant lying on the ground. One of the officers shouted "stop, you are under arrest" and fired a shot at defendant as he fled. Bozeman and the officers pursued and apprehended the defendant a short distance away as he emerged from an alley.

Defendant, questioned by his counsel, stated that he understood the nature of the charges in the indictment but denied committing the offense. He testified he resided at 14640 Winchester in Harvey, Illinois; that he was in the vicinity at the time of the occurrence; that he heard a commotion and someone yell "Get him", heard a shot and

then ran in fear and was apprehended. He explained the bleeding finger by saying he had been bitten by a dog.

He appeals this conviction directly to this court alleging a transgression of his constitutional rights, and advances four theories in support of his cause: (1) the trial court erred in denying his pretrial motion to dismiss the indictment based upon the fact that he requested and was denied counsel at the preliminary hearing; (2) the indictment does not charge an offense; (3) a fatal variance exists between the proof and the purported charge; and (4) the sentence is excessive.

At the time of the preliminary hearing on February 23, 1965, defendant requested a continuance for the purpose of engaging counsel. The court disregarded the request and proceeded with the examination to determine whether there was probable cause to submit the case to the grand jury. Prosecution witnesses were examined and the court held defendant to the grand jury. Defendant was not asked to plead, testify or make any further statements. He was subsequently indicted and represented by counsel of his own choosing at all stages thereafter.

Defendant was tried and convicted by the court on December 8, 1965.

To support his first contention here, defendant charges that the denial of counsel at the preliminary hearing violated his constitutional rights to assistance of counsel and to due process of law. We have previously considered the right to counsel at the preliminary hearing in *People* v. *Morris,* 30 Ill.2d 406, and on pages 410, 411, we said: "The real question in this case, as we see it, is the stage of a criminal proceeding at which the right to counsel exists and, in such regard, we are cognizant that such right is not confined to representation during the actual trial on the merits, but may extend to pretrial proceedings and occurrences. (See: *Crooker* v. *California,* 357 U.S. 433, 2 L. ed. 2d 1448; *Moore* v. *Michigan,* 355 U.S. 155, 2 L. Ed. 2d 167; *Gal-*

*legos* v. *Nebraska,* 342 U.S. 55, 96 L. Ed. 86.) And, under the cited decisions, generally speaking, it is held that due process is violated by the lack of counsel before trial whenever the pretrial circumstances are such that the accused is so prejudiced thereby as to infect his subsequent trial with an absence of fundamental fairness essential to the very concept of justice. Under more recent decisions, however, it would appear that a failure to provide an indigent person with counsel violates due process, without regard to ensuing prejudice, whenever the pretrial proceeding, by whatever name it is called, constitutes a 'critical stage' of the criminal process. Specifically, we refer to *White* v. *Maryland,* 373 U.S. 59, 10 L. Ed. 2d 193, and *Hamilton* v. *Alabama,* 368 U.S. 52, 7 L. Ed. 2d 114. In *White* the unrepresented defendant entered a plea of guilty at the preliminary hearing which was subsequently introduced in evidence against him at his trial, (*cf. People* v. *Jackson,* 23 Ill.2d 263) ; while in *Hamilton* the accused had no counsel at arraignment, at which time, under Alabama procedure, certain defenses had to be raised or forever lost. Whether we measure by the old or new criterion, we find no denial of due process in this case.

"A preliminary hearing in Illinois is not a 'critical stage' where rights or defenses must be raised or lost, and neither is it a proceeding at which pleas are made or received. Rather, the scope and purpose of preliminary proceedings are in general to ascertain whether a crime charged has been committed and, if so, whether there is probable cause to believe that it was committed by the accused. (14 I.L.P., Criminal Law, sec. 171.) Even then a finding of probable cause is not binding upon a subsequent grand jury. These things being so, we see no basis for saying that the right to counsel arises upon preliminary hearing, or that fundamental fairness requires it."

Defendant seeks to vitiate our holding in *Morris* or at least avoid its application to this appeal by advancing, what

he asserts to be, "three overpowering distinctions" between that case and his own: namely, that *Morris* was decided prior to both the United States Supreme Court's decision in *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977 and the General Assembly's enactment of section 109—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, chap. 38, par. 109—1), and that in *Morris* there was no request for counsel. In light of these distinctions and other developments in the law relating to an accused's right to counsel, we think that a re-evaluation of our decision in *Morris* is merited here.

Defendant, in calling our attention to recent United States Supreme Court cases involving the right of an accused to assistance of counsel, specifically, *Escobedo* v. *Illinois,* argues that the court has now extended the right to counsel, in accordance with its earlier admonition in *Powell* v. *Alabama,* 287 U.S. 45, 77 L. Ed. 158, to "every step in the proceedings against [an accused]" and not only to those steps in the judicial process which may be characterized as "critical".

The resolution of this argument necessarily involves the determination of what constitutes a critical stage in the judicial process. Our decision in *Morris* turned on this determination which we made therein by an examination and analysis of pertinent United States Supreme Court decisions, including *White* and *Hamilton.* From those cases we, in common with other courts, extracted the principle that a stage in the proceedings against an accused is properly designated as "critical," irrespective of how it is labeled, when events transpire there which are likely to prejudice his subsequent trial. (*DeToro* v. *Pepersack,* (4th cir.) 332 F.2d 341; *Butler* v. *Burke,* (7th cir.) 360 F.2d 118.) While *Escobedo* extends the right to counsel to pretrial occurrences beyond those contemplated by the Supreme Court decisions underlying our ruling in *Morris,* we do not read that case as constituting a departure from the "critical stage" test

enunciated in those earlier decisions or as announcing an extension of the right to counsel to every step in the proceedings against an accused. Rather, in *Escobedo* the Supreme Court, in view of the manifest likelihood of ensuing prejudice to the accused inherent in custodial interrogation expressly held that situation to be a "critical stage" requiring representation by counsel. (*Escobedo,* 378 U.S. at page 486.) Furthermore, the holding in *Escobedo* is apparently limited to an incustody interrogation situation (see *Miranda* v. *Arizona,* 386 U.S. 486, 16 L. Ed. 2d 694), and, in any event, we find nothing in that case or in any other Supreme Court decisions authorizing an extension of the right to counsel to pretrial proceedings where the likelihood of prejudice arising from the failure to have counsel is absent.

In the alternative, defendant argues that even if the likelihood of ensuing prejudice must exist for a proceeding to constitute a critical stage in the judicial process, a preliminary hearing as conducted in Illinois is such a stage. He supports this argument by emphasizing that a preliminary hearing presents the accused with an opportunity to learn the State's case against him, to cross-examine the State's witnesses before their testimony becomes "hardened and fixed", or, where "the prosecution's case seems irrefutable", to plead guilty to a lesser offense. Defendant asserts that without representation by counsel these opportunities are forfeited and that this forfeiture creates the likelihood of prejudice at his subsequent trial.

In *Morris* we stated that the scope and purpose of preliminary proceedings are in general to ascertain whether a crime charged has been committed and, if so, whether there is probable cause to believe that it was committed by the accused, and that even then the preliminary finding is not binding upon subsequent grand-jury action. To those statements we append the additional observations that in Illinois an accused does not have a constitutional right to a

preliminary hearing (*People* v. *Petruso,* 35 Ill.2d 578); that the hearing judge may terminate the proceedings once probable cause is established; that the accused is not required to put on his defense at this time and has ample opportunity to enter a plea of guilty to a lesser offense at his arraignment. In view of the scope and purpose of a preliminary hearing, as defined by the above statements, we cannot say that the denial of counsel at this proceeding results in the likelihood of ensuing prejudice enabling the proceeding to be characterized as a critical stage requiring representation by counsel.

Nor can we say, as defendant argues in his second distinction, that section 109—1 of the Code of Criminal Procedure which was enacted subsequent to our decision in *Morris,* creates a statutory right to representation by counsel, appointed or otherwise, at a preliminary hearing. Section 109—1 provides in pertinent part that a person arrested shall be taken without unnecessary delay before the nearest or most accessible judge who shall "(2) advise the defendant of his right to counsel and if indigent shall appoint a public defender or licensed attorney at law of this State to represent him in accordance with the provisions of section 113—3 of this Code". Section 113—3 provides that every person charged with an offense shall be allowed counsel *before pleading to the charge* and "If the defendant desires counsel and has been unable to obtain same before arraignment the court shall recess court or continue the cause for a reasonable time to permit defendant to obtain counsel and consult with him *before pleading to the charge*". (Emphasis ours.)

The above sections must be read in conjunction and when so read it becomes manifest that the legislature intended that an accused receive the benefit of appointed counsel only at that stage in the judicial process when he is to plead to the charge against him. Since an accused is not required to plead to the charge against him at his pre-

liminary hearing, and the defendant herein did not in fact enter any plea at that hearing, any right to counsel claimed under section 109—1 is inapplicable to him.

Finally, with regard to defendant's last distinction, we are of the opinion that the fact that he, unlike the defendant in *Morris,* requested counsel does not take his cause outside the scope of the ruling in *Morris.* The United States Supreme Court has indicated that in certain circumstances an accused's right to representation should not be made to depend upon his request for it. (*Miranda* v. *Arizona.*) From this we conclude that if the right to counsel exists by virtue of the critical nature of the proceedings against an accused he is entitled to representation regardless of whether he requests it. But, correspondingly, where the proceedings are not of a critical nature and therefore no right to counsel exists without a showing of actual prejudice, a mere request for counsel does not create the right to it.

Having determined that no decision binding on us subsequent to *Morris* has extended the right to counsel to stages in the judicial process which may not properly be characterized as "critical" and that no statutory right to counsel exists at a preliminary hearing, we hereby reaffirm our holding in *Morris* that a preliminary hearing is not a critical stage in the judicial process where the accused is entitled to counsel. Having also determined that the applicability of this holding is not affected by whether the accused requests counsel or not, and since the defendant does not allege, nor the record disclose, that any actual prejudice occurred at his trial as a result of his lack of counsel at his preliminary hearing, we hold that the denial of counsel in this instance did not violate any applicable constitutional rights of defendant.

Defendant's second contention that the indictment failed to sufficiently charge the offense is untenable. The indictment alleged that "* * * February 20th, 1965 * * * Ernest Bonner * * * committed the offense of attempt

in that he, with the intent to commit rape, attempted to compel one Delpina Tricis, a female, not his wife, to submit to an act of sexual intercourse by force and against her will, in violation of Chapter 38, sec. 8—4 of the Illinois Revised Statutes 1963". Section 8—4 provides that "a person commits an attempt when, with intent to commit a specific offense, he does an act which constitutes a substantial step toward the commission of that offense". Ill. Rev. Stat. 1965, chap 38, par. 8—4.

We find that the elements of the crime charged herein (1) the attempt with intent to commit rape and (2) the substantial step in that direction—the use of force against complainant's will, were sufficiently alleged in the indictment to enable defendant to prepare his defense and sustain a plea of judgment in bar of any further prosecution for the same offense—the tests generally prescribed.

Defendant next claims that there is a fatal variance between the proof and the purported charge. He contends that the State's evidence demonstrated, at most, an aggravated battery because there was no exposure of the genitals and no words spoken. We do not agree. The complainant was a woman; she was a stranger to the defendant; the assault was made in the early hours of the morning. The assault was violent; the victim was thrown to the ground; the defendant reached under her coat and skirt and pulled down her slip while covering her mouth with his hand; he tore her blouse and attempted to pull off her skirt, and the assault ceased only when the police and the witness approached in response to her screams. No effort was made to take the victim's purse or property. An identical situation was involved in *People* v. *Mayer*, 392 Ill. 257 where the court, on page 259, said: "Under these circumstances, does the law require the offense to be limited to assault and battery because the intent was not voiced in language, or the victim had not been sufficiently overcome for the assailant's physical acts to more completely manifest his intentions?"

Regarding defendant's final contention, we find that the sentence imposed was not excessive since imposition of sentence is a matter of judicial discretion, and in the absence of a manifest abuse of that discretion it will not be altered by a reviewing court. The sentence imposed in this case was within the limits provided by statute and we find nothing in the record to warrant a modification of it.

For the foregoing reasons, the judgment of the circuit court of Cook County finding defendant guilty of attempt with the intent to commit rape is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.

Mr. JUSTICE SCHAEFER, dissenting:

The majority opinion holds that sections 109—1 and 113—3 of the Code of Criminal Procedure "must be read in conjunction and when so read it becomes manifest that the legislature intended that an accused receive the benefit of appointed counsel only at that stage in the judicial process when he is to plead to the charge against him. Since an accused is not required to plead to the charge against him at his preliminary hearing, and the defendant herein did not in fact enter any plea at that hearing, any right to counsel claimed under section 109—1 is inapplicable to him." I dissent because in my opinion this is an improper construction of the applicable statutes which unnecessarily raises serious constitutional questions.

The Code of Criminal Procedure is explicit in its recognition of the right to counsel, even prior to the preliminary hearing. Section 103—3 provides that arrested persons "shall have the right to communicate with an attorney of their choice." Section 103—4 provides: "Any person committed, imprisoned or restrained of his liberty for any cause whatever and whether or not such person is charged with

an offense shall, except in cases of imminent danger of escape, be allowed to consult with any licensed attorney at law of this State whom such person may desire to see or consult, alone and in private at the place of custody, as many times and for such period each time as is reasonable." Section 103—7 requires every sheriff or other person in charge of any place where persons under arrest are held in custody to post in conspicuous places a verbatim copy of "the provisions of Sections 103—2, 103—3, 103—4, 109— 1 , * * * and 113—3 of this Code." Section 103—8 makes it a criminal offense for any peace officer to intentionally prevent the exercise by an accused of any right conferred by article 103 or to intentionally fail to perform any act required by that article.

Section 109—1 provides:

"(b) The judge shall:

(1) Inform the defendant of the charge against him and shall provide him with a copy of the charge.

(2) Advise the defendant of his right to counsel and if indigent shall appoint a public defender or licensed attorney at law of this State to represent him in accordance with the provisions of section 113—3 of this Code.

(3) Hold a preliminary hearing in those cases where the judge is without jurisdiction to try the offense; * * *."

The majority reads section 109—1(b)(2) completely out of the statute by construing its reference to the appointment of an attorney to represent the defendant at the preliminary hearing "in accordance with the provisions of Section 113—3 of this Code" to refer to the appointment of an attorney to represent the defendant at his arraignment. If that is all that section 109—1(b)(2) means, it adds nothing to section 113—3. Actually, the reference to section 113—3 relates to the kinds of cases—felony or misdemeanor—in which attorneys are to be appointed, to the attorney to be appointed,—the public defender or other counsel,—and to the fees of appointed attorneys other than

the public defender, both in capital and noncapital cases, all of which are dealt with in section 113—3.

The comments of the committee that drafted the Code of Criminal Procedure make it clear that section 113—3, which governs the right to counsel at arraignment, was intended to supplement rather than to swallow up the provisions of the Code that govern the right to counsel at earlier states of the proceedings. In its comment to section 103—4, the committee stated: "This section is not deemed to be in conflict with section 113—3 of the Code which deals with the problem of counsel for any accused who has not obtained such by the time he is required to plead to the charge on arraignment. Section 103—4 says he has a right to consult with counsel at any time after being taken into custody: Section 113—3 says that when the time for arraignment arrives he shall be allowed counsel before pleading to the charge and if he has not obtained counsel by that time the court shall give him an opportunity to do so. Further provisions of section 113—3 deal with the problem of counsel for indigents. Section 113—3 is intended to supplement the basic right afforded by section 103—4." 38 Ill. Stat. Anno, par. 103—4, Committee Comment.

And in its comment to section 109—1 the committee pointed out that subsection (b) of that section attempts to cover all offenses from the most minor to the most serious, and that subsection (b) "and the entire Article 109 should be read with these possible variations in mind." The committee comment continued: "Subsections (1) and (2) apply in all cases as to informing and advising the accused. The right to appointed counsel if indigent, is restricted by section 113—3 to those cases in which the penalty is other than a fine only. * * * Subsection (b)(3) is an attempt to cover the wide variations in regard to specific offenses. * * * Subsection (b)(3) anticipates and is intended to harmonize with the other three subsections to the effect that *in every case,* regardless of type or location, when an

arrested person is first brought before a judicial officer by a peace officer, it is the duty of that judicial officer to advise and inform the arrestee of his rights, and *then* to determine if there is probable cause to hold him in custody any longer. If not, the arrested person should be discharged. Or the arrestee may admit his guilt immediately. Or he may desire counsel, or an opportunity to bring in witnesses of his own to prove an alibi or other reason why he should not be held in custody. The statute should be flexible, consistent with the rights of the individual and the enforcement of law for the protection of society. Section 109—1, and all of Article 109, is designed to afford both." 38 Ill. Stat. Anno. par. 109—1, Committee Comment.

These comments make it entirely clear that the reference in section 109—1 to the appointment of counsel to represent an indigent defendant "in accordance with the provisions of Section 113—3 of this Code" was intended to confine the requirement that attorneys be appointed to represent indigents at preliminary hearings to the class of cases in which attorneys are required to be appointed to represent indigents upon arraignment. And they also make it clear that the right to be represented by appointed attorney exists at the preliminary hearing; that right is not, as the majority holds, deferred until the defendant is arraigned.

In my opinion it is unnecessary to consider whether the preliminary hearing is a "critical stage" in the proceedings against the defendant, for the General Assembly has determined that a defendant is entitled to counsel at his preliminary hearing. It has provided that a defendant held on any charge is entitled to be represented by counsel at his preliminary hearing, and that, "except where the penalty is a fine only," an indigent defendant is entitled to have counsel appointed to represent him at his preliminary hearing. The present case, however, does not immediately involve any question concerning the appointment of counsel

to represent an indigent, for the defendant requested that the preliminary hearing be continued so that he could retain counsel, and he has been represented throughout by his retained attorney.

If constitutional issues are to be considered, however, the appropriate constitutional referent, in my opinion, is *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, in which it was held that the constitutional right to counsel was abrogated when a suspect was denied an opportunity to consult with his retained attorney during his interrogation while in police custody. In the case before us the defendant was in custody and was brought before a judge in a judicial proceeding at which witnesses were sworn and testified against him. The State was represented by an attorney, but the defendant's request for a continuance to retain an attorney was overridden. That the defendant might have been indicted directly by the grand jury, without any preliminary hearing, is irrelevant. He was not so indicted, and witnesses for the prosecution testified against him in response to leading questions by the prosecutor and by the court. He was not advised that he had a right to testify or to call witnesses in his own behalf. Nor was he advised of his right, under section 109—3, to have other witnesses excluded while one witness was testifying, or of his right to have the witnesses kept separate and prevented from communicating with each other until all were examined. That section of the Code emphasizes the importance of the preliminary hearing as a means of perpetuating testimony by its provision that the defendant can not waive preliminary examination, nor can the judge dispense with it, if the prosecuting attorney demands that the witnesses for the State be examined. Ill. Rev. Stat. 1965, chap. 38, par. 109—3.

In their briefs the parties have discussed the consequences that should follow when one who was deprived of his right to be represented by counsel at his preliminary

568

hearing is subsequently indicted and convicted, and they have cited Federal decisions involving violations of Rule 5 of the Federal Rules of Criminal Procedure. But since the majority has found no violation of statute or constitution, it is not necessary to discuss them.

Mr. CHIEF JUSTICE SOLFISBURG joins in this dissent.