**People of the State of Illinois, Plaintiff-Appellee,
v. Daniel W. McCall, Defendant-Appellant.**

Gen. No. 11,144.

Fourth District.

March 18, 1970.

■■■■■■

■■■■■■■■■■■■

Gary L. Haddock, Assistant Public Defender, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur, for appellee.

SMITH, J.

The defendant was convicted in a jury trial for the offense of armed robbery and sentenced to the penitentiary for a period of 15 to 30 years. He appeals from this judgment and sentence on two grounds: (1) That the evidence is not sufficient to establish guilt beyond a reasonable doubt and (2) that the punishment imposed by the trial court is excessive and should be reduced upon appeal.

At the conclusion of the hearing in mitigation and aggravation, the court asked for a recommendation. The State's Attorney recommended 20 to 30 years—defense counsel recommended 10 to 20 years. The defendant testified in his own behalf during this hearing. It appears that in 1964 he was convicted of armed robbery and sentenced from 1 to 20 years. He was paroled in October 1966. On June 5, 1967, he was sentenced to three months at the State Farm for driving without a driver's license. He was returned to the State Penitentiary on August 22, 1967, as a parole violator and was again paroled on August 19, 1968. On November 13, 1968, he committed the offense of which he now stands convicted. Following his conviction and while he was awaiting a motion for new trial and this hearing, one Owens, who was one of the principal witnesses against him on trial, was brought into the county jail on another

matter and put in the cell with him. While there the defendant obtained from Owens a statement in writing which he prepared indicating that Owens had committed the robbery rather than the defendant. The witness testified he had told the truth on the witness stand in the trial, that the statement was obtained from him by coercion, threats and fear, that he and the defendant had been together in the penitentiary previously and he was afraid of the defendant.

In the face of this record, there is not a solitary word offered by way of mitigation except the bald statement that it is the practice in Macon County that "A guilty man has a right to a trial by jury, but if he is foolish enough to exercise that right, then he will pay for it by receiving an excessive penalty." Suffice it to say this record neither supports the conclusion that this is the practice in Macon County nor does it support the conclusion that this punishment is excessive. The burden is on the defendant to establish mitigating circumstances. People v. Nelson, 41 Ill2d 364, 243 NE2d 225. Unless it can be said that there has been a manifest abuse of discretion, a reviewing court will not substitute its judgment for that of the trial court. People v. Bonner, 37 Ill2d 553, 229 NE2d 527.

Turning now to the sufficiency of the evidence, it appears that about 1:40 a. m. a lone man wearing a ski mask, blue jeans, and a wool plaid jacket, which was offered in evidence, and armed with a revolver which looked like People's Exhibit No. 2, held up a service station east of Decatur and took some $38 to $40. The station operator could not identify the defendant because of the ski mask. He testified that he appeared to be about 5' 9" tall and some 17 or 18 years old. The robber put the money in a brown bag and was in the station only about 5 minutes. A witness Harrison and

the witness Owens testified against the defendant and stated that they were cruising around the countryside with him and wound up some 100 yards south of the service station when the defendant said he had to go to the bathroom. Defendant got out of the car and was gone for some 3 to 5 minutes and returned carrying a brown paper bag. Harrison saw him thumbing through money in the bag and stated that the defendant had a revolver similar to Exhibit No. 2. When they arrived in Decatur, they saw a police car and when the police pulled over, defendant jumped out of the car and ran. The police officer testified that he was wearing a plaid jacket. Owens testified to substantially the same thing. The police officers arrested the defendant in Taylorville and when they went to his room they found a plaid jacket, which was identified by some of the witnesses as similar to the one that the robber wore, as well as a revolver. There was the usual semantical difference in details and it is apparent from the statement here made that the innocence or guilt of this defendant rested with the jury. No one positively identified the defendant as the robber. The testimony as to the revolver, the plaid jacket, and the defendant's flight when stopped by the police officers are circumstances upon which a jury might reasonably convict the defendant. An examination of the evidence in this case and the conduct of the defendant suggest that there can be no reasonable doubt of his guilt.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.