THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROMELL WILSON, Defendant-Appellant.

(No. 55305; )

First District (4th Division)—May 16, 1973.

Michael Unger, of Chicago, (Richard Zulkey and Joseph V. Roddy, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and Frederic I. Chaimson, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The defendant, Romell Wilson, was tried together with a codefendant, Ronald Burbank, and both were found guilty of murder after a jury trial. The defendants were each sentenced to serve one hundred to one hundred and fifty years in the Illinois State Penitentiary. Ronald Burbank appealed directly to the Supreme Court and his conviction was affirmed. (*People v. Burbank,* 53 Ill.2d 261, 291 N.E.2d 161.) In this action, defendant Romell Wilson appeals.

The defendant contends that (1) the admission of the codefendant's confession was prejudicial error denying him his right of confrontation; (2) the court erred in denying his motion for severance; (3) the final argument of the prosecutor was improper; (4) the court erred in denying his motion to suppress his oral confession; (5) the court erred in refusing to give an involuntary manslaughter instruction tendered by the defendant, and (6) the sentence imposed on defendant was excessive.

On July 30, 1968, at approximately 4:30 P.M., three high school girls were standing in front of Mike's Shoe Shop in the 7100 block of South Ashland Avenue in Chicago, when they observed Ronald Burbank going into the shoe store. They heard gun shots. The girls saw Burbank come running out of the store, putting a gun in his pants pocket. They saw another person stick his head out of the store, but were unable to identify him. The girls gave a description of Burbank to the police and the next day identified him in a lineup of five men.

Officer Daniel Fitzgerald arrested Burbank on July 31st at his mother's home. He advised Burbank of his constitutional rights, and Burbank said that he understood. Burbank then orally told the police that he and Romell Wilson agreed to rob the shoe store. Wilson went in first and he came in later. They were both armed. When Wilson announced the robbery, the proprietor started throwing shoes and Wilson shot him.

Upon this information, Romell Wilson was arrested by Officers Richard Bedran and James Kehoe. The officers advised Wilson of his constitutional rights. They asked him if he understood and he said he did. At the station, Detective Fitzgerald again advised Wilson of his rights and Wilson again said that he understood. Wilson twice orally admitted that he had shot the proprietor after the deceased had thrown shoes at him. He stated that he went into the shop to have his shoes repaired and that Burbank was with him. Wilson told Officers Bedran and Kehoe that he threw the gun over a fence. Later he told Officer Fitzgerald that the gun was on a shelf near the mattress in his bedroom, and gave the police permission to get the gun. Officer Donald Burch retrieved a .38 caliber revolver from defendant's bedroom which was identified by ballistics tests as the gun that fired the fatal shot.

Defendant first contends that the admission into evidence of Burbank's oral confession deprived him of his right of confrontation under the Sixth Amendment. We note that neither defendant took the witness stand. Both defendants made oral statements to the police, and both refused to give written statements. Defendant argues that he was prejudiced by the court's allowing the jury to hear the contents of Burbank's confession. He maintains that the prejudicial effect of Burbank's statement is apparent in light of the fact that neither defendant testified at trial and that none of the State's witnesses identified Wilson as being at the scene of the crime.

The record reveals that the court instructed the jury to consider Burbank's confession only in determining Burbank's guilt and not Wilson's. The defense claims that the instant case is governed by *Bruton v. U.S.*, 391 U.S. 123. There, the Court held that despite instructions to the jury to disregard the co-defendant's confession, its admission at a joint

trial violated the defendant's right of confrontation. The Court stated that it was impossible to determine whether the jury had ignored the co-defendant's statements in determining the defendant's guilt.

Since *Bruton*, the U.S. Supreme Court has modified its position on this issue. (See *Harrington v. California*, 395 U.S. 250, and *Schneble v. Florida*, 405 U.S. 427.) In *Schneble*, a conviction was upheld in an analogous situation to the one now before us. There neither defendant testified and both gave confessions which were substantially similar. The Court held that the admission of the co-defendant's confession was harmless error.

■■ In the instant case, the admission of Burbank's confession could not have altered the jury's verdict. The statement Wilson gave to the police placed him at the scene of the crime with Burbank. Wilson admitted shooting the victim, and told the police where to find the murder weapon. In addition, the three girls testified that they saw another person with Burbank at the store. We are satisfied from the record that the defendant was convicted on the overwhelming evidence of his own confession and the other testimony and that he was not prejudiced by the admission of his co-defendant's statement into evidence.

■■■ Defendant next alleges that the trial court erred in refusing to grant his motion for severance. Burbank also contended on his appeal that a severance should have been granted. The paramount inquiry in determining whether a severance should be granted is whether the defenses are so antagonistic as to require severance in order to assure a fair trial. (*People v. Canaday*, 49 Ill.2d 416, 424, 275 N.E.2d 356, 361.) In the instant case, both confessions showed that the defendants were in the shoe repair store and that Wilson fired his gun and killed the deceased after the latter threw shoes at him. We are of the opinion that the State's case against Wilson would not have been significantly less persuasive had the two defendants been severed for trial. (*Schneble v. Florida*, 405 U.S. 427, 432; *People v. Burbank*, 53 Ill.2d 261, 268—9, 291 N.E.2d 161, 165—6.) Wilson voluntarily confessed to shooting the victim while in the company of Burbank and assisted in recovering the gun he used. If there was error in trying the two defendants together, it was harmless error because of the overwhelming evidence of the defendant's guilt.

Defendant also contends that the trial court erred in allowing the State's Attorney to comment in closing argument on the failure of defendant to testify. We find no merit to this contention. The defendant points to statements by the prosecutor to the effect that he did not know what the defense theory of the case was. We note that no objections were made at trial to the prosecutor's comments, and that the

defendant has therefore waived this issue on appeal. (*People v. Voss,* 6 Ill.App.3d 362, 365, 285 N.E.2d 816, 818.) Even if the defendant had not waived the issue, however, we do not think that the prosecutor's argument was improper. The test to be applied in determining whether a closing argument violated a defendant's right to remain silent is whether the language used by the prosecutor was "intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify." (*People v. Mills,* 40 Ill.2d 4, 8, 237 N.E.2d 697, 700.) Applying this test, we are of the opinion that the statements were proper and did not refer in any way to the defendant's failure to testify.

██ Defendant further argues that the trial court improperly denied his motion to suppress his oral confession because he had not knowingly waived his right to remain silent. There was testimony that the defendant was advised of his rights at the time of his arrest and again when he arrived at the police station. Both times, defendant responded affirmatively when asked if he understood his rights. As the Supreme Court stated in *Burbank,* "the preliminary inquiry as to whether the defendant has been properly warned and whether he knowingly waived his rights is for the trial court." (*People v. Burbank,* 53 Ill.2d 261, 266, 291 N.E.2d 161, 164.) On the evidence before us, we cannot say that the trial court's denial of defendant's motion to suppress was against the manifest weight of the evidence.

██ The defendant also complains that the trial court erred in rejecting the involuntary manslaughter instruction tendered by the defendant at trial. The instruction read as follows:

> "A person commits the crime of involuntary manslaughter who causes the death of another by acts which are performed recklessly and are likely to cause death or great bodily harm to another."

The evidence showed that Wilson went to the shoe shop with Burbank and that he shot the proprietor after the deceased threw shoes at him. The victim was approximately 40 years older than the defendant and was unarmed. We find nothing in the record to warrant the giving of the instruction on involuntary manslaughter. Nor do we think the trial judge was obligated to give a voluntary manslaughter instruction *sua sponte* when none was tendered by the defense. *People v. Taylor,* 36 Ill.2d 483, 224 N.E.2d 266; *People v. Johnson,* 112 Ill.App.2d 148, 251 N.E.2d 393.

██ Lastly, it is argued that the sentence was excessive. Burbank made a similar argument on appeal and it was rejected by the Supreme Court. What was said there is applicable here. The trial judge is in a

superior position to evaluate the length of the sentence that should be imposed because he heard the testimony and presided over the hearing on aggravation and mitigation. (*People v. Taylor*, 33 Ill.2d 417, 424, 211 N.E.2d 673, 677.) The length of a sentence is a matter of judicial discretion and it should not be altered by a reviewing court unless it is apparent that the judge has abused his discretion. (*People v. Bonner*, 37 Ill.2d 553, 229 N.E.2d 527, cert.den. 392 U.S. 910.) We cannot say that the sentence imposed by the trial court was improper.

The judgment of the circuit court is affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.