THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CYNTHIA BARNES, Defendant-Appellant.

(No. 73-272;

Fifth District—August 30, 1974.

Robert E. Farrell, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Howerton, State's Attorney, of Marion, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Cynthia Barnes, was indicted for the offense of murder and pled guilty to that offense. A sentencing hearing was held, and a sentence of 20 to 100 years was imposed by the circuit court of Williamson County. This appeal followed.

The defendant's sole contention upon appeal is that the sentence imposed is excessive. In arguing that she has a "high potential for rehabilitation," the defendant relies upon her age (she was only 17 years of age at the time of the alleged offense) and upon the fact that she had no prior criminal record.

When imposing sentence upon a defendant, a court is to consider both the seriousness of the offense and the possibility of restoring the defendant to useful citizenship. (Ill. Const. art. I, § 11.) In the instant case the sentence reflects the extremely egregious nature of the offense.

Before the court accepted the guilty plea, the State's Attorney informed the judge of the details of the alleged offense as elicited from the defendant in a prior confession. The defendant allegedly went to the home of Martha Damico on the morning of February 19, 1973, and asked to use the telephone. At this time the defendant possessed a kitchen paring knife and a pair of women's nylon hose. Upon being admitted by Mrs. Damico, a paraplegic who was confined to a wheelchair, the defendant, without provocation, attempted to choke Mrs. Damico with the nylon hose. When the hose tore, the defendant endeavored to choke her victim with her hands. The defendant then stabbed Mrs. Damico with the paring knife, and Mrs. Damico fell to the floor. The defendant then found a meat fork and used that instrument to stab Mrs. Damico two more times. The defendant then strangled Mrs. Damico with an electrical cord and removed several objects from the house. The defendant admitted in open court that she had committed the murder and that she was not legally justified.

■■ Nothing in the record other than the defendant's youth and lack of prior criminal record suggest that the defendant has a high potential for rehabilitation. The flagrant, cold-blooded nature of the offense committed suggests otherwise. The trial judge stated that, from what he had read, seen and observed, he had not found any remorse or moral feeling of guilt on the part of the defendant. In light of these findings,

and the nature of the offense, we conclude there was no abuse of discretion in imposing a minimum sentence in excess of 14 years.

■■ A reviewing court will not alter a sentence imposed by a trial judge in the absence of a manifest abuse of discretion. *People v. Bonner*, 37 Ill.2d 553, 229 N.E.2d 527; *People v. Bennett*, 9 Ill.App.3d 1021, 293 N.E.2d 687.

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.