THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSIE ELLIS Fox, Defendant-Appellant.

(No. 12048;

Fourth District—September 5, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction of burglary entered upon a jury verdict. A sentence of 5 to 15 years was imposed.

■■ Defendant's only contention is that the sentence is excessive. The evidence in aggravation and mitigation shows that defendant had two prior burglary convictions. Sixteen months prior to the instant offense, defendant had been released on parole after serving 2½ years on a 3- to 8-year sentence imposed for his second burglary conviction. Sentencing is a matter of judicial discretion and the sentence imposed by the trial court should not be altered unless it is apparent that the judge abused his discretion. (*People v. Bonner,* 37 Ill.2d 553, 229 N.E.2d 527.) We cannot say that the sentence imposed was excessive.

■■ At the time defendant was sentenced, burglary was punishable by imprisonment in the penitentiary for a minimum term of 1 year with no maximum term. (Ill. Rev. Stat. 1971, ch. 38, par. 19—1(b).) Burglary is now a Class 2 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 19—1(b)) with a maximum sentence of 20 years. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(3).) Where, as here, a defendant was sentenced prior to the effective date of the Unified Code of Corrections but his case is pending on direct appeal, the case has not reached a "final adjudication" within the meaning of section 8—2—4 of the Code, and he is entitled to be resentenced under the provisions of the new Code if the penalty is less than under the prior law. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4; *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.) Defendant therefore is entitled to resentencing under the Unified Code of Corrections.

The judgment of conviction is affirmed. The sentence is vacated, and the cause remanded to the circuit court of Vermilion County for resentencing under the Unified Code of Corrections.

Judgment affirmed, sentence vacated, remanded with directions.

CRAVEN and SIMKINS, JJ., concur.