THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ODIS LEE WOODS (Impleaded), Defendant-Appellant.

(No. 12794;

Fourth District—July 17, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall and Jacqueline K. Nejmanowski, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction of armed robbery[1] and sentence of 8 to 24 years following a bench trial. The single issue upon appeal is whether the minimum sentence is disparate and excessive.

Defendant, aged 20 years, with two others robbed the owner and patrons of a tavern. The record shows that defendant was masked, armed with a shotgun and was the leader of the trio. As stated in his confession, defendant "put the shotgun on" two of the victims at different times for purposes of obtaining money.

A codefendant, Fair, aged 17 years, was separately sentenced to a term of 5 to 15 years upon the same robbery. From this defendant urges that the sentences are disparate and that his sentence should be reduced.

So far as the record discloses, Fair carried a "blank gun," stayed at the tavern door to keep persons from entering and did not threaten any of the victims. The record shows that defendant had been incarcerated for 18 months in Louisiana for auto theft and had been convicted of theft and contributing to the delinquency of a minor. Fair had been placed on probation as a juvenile delinquent following two offenses and had been discharged from probation.

Upon the issue of disparate sentences, it appears that the trial court examined the facts which distinguished the sentences. He weighed the difference in the ages and records of the defendants and expressed concern with the defendant's aggressive threats in using the shotgun. The record also shows an undesirable discharge from military service and psychiatric reports finding aggressive qualities in the defendant. The sentence is within the legislative standards and is not manifestly excessive in the light of the nature of the offenses. The trial court had opportunity to observe the demeanor and conduct of defendant throughout the course of several hearings. *People v. Fox*, 48 Ill.2d 239, 269 N.E.2d

---

[1] Ill. Rev. Stat. 1973, ch. 38, par. 18—2.

720; *People v. Bell,* 53 Ill.2d 122, 290 N.E.2d 214; *People v. Kelly,* 25 Ill.App.3d 753, 324 N.E.2d 82.

We find no clear abuse of discretion in the sentence imposed. *People v. Bonner,* 37 Ill.2d 553, 229 N.E.2d 527.

The judgment is affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.