THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ERNEST NELSON, Defendant-Appellant.

Second District   No. 78-59

Opinion filed April 5, 1979.

Mary Robinson and John Lanahan, both of State Appellate Defender's Office, of Elgin, for appellant.

Dallas C. Ingemunson, State's Attorney, of Yorkville (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

This is an appeal of a conviction of burglary (section 19—1 of the Criminal Code of 1961, Ill. Rev. Stat. 1975, ch. 38, par. 19—1) by the Circuit Court of Kendall County of the defendant Ernest Nelson following a jury trial. A sentence of 3 to 10 years imprisonment with 3 years parole was imposed. On appeal the defendant's sole contention is that he was denied his constitutional right of assistance of counsel at a critical stage of the proceedings when he appeared *pro se* at a hearing on the People's petition for the impaneling of a special petit jury. We do not

believe the hearing was a critical stage of the proceedings and accordingly we affirm the judgment of the Circuit Court of Kendall County.

On March 18, 1977, a home in Kendall County was burglarized. A complaint charging the defendant with the crime was filed on March 29, 1977, and a warrant was issued for the defendant's arrest on that same date. On April 20, 1977, the defendant began serving a 90-day term in Will County jail for an unrelated traffic offense. He first appeared in Kendall County Circuit Court on June 30, 1977. The People assumed that since he had been in custody since April 20, the 120-day rule (section 103—5 of the Code of Criminal Procedure of 1963, Ill. Rev. Stat. 1975, ch. 38, par. 103—5) required that he be brought to trial by August 18, 1977. On Friday, August 5, 1977, the Kendall County State's Attorney petitioned the circuit court for the impaneling of a special petit jury. He noted that the next regularly scheduled petit jury in Kendall County was in September, so in order to give the defendant a jury trial a special petit jury would have to be impaneled. The defendant appeared *pro se* at this hearing as his court appointed counsel was on a short vacation and was unable to be reached. Citing section 8 of "An Act concerning jurors * * *" (Ill. Rev. Stat. 1975, ch. 78, par. 8) the trial court ordered the circuit clerk to summon a special petit jury so that a jury could be selected and the defendant tried. The circuit court also continued the matter to the following Monday so that the defendant's counsel could raise any objections he had.

On Monday, August 8, 1977, the defendant's counsel appeared and moved that the special petit jury be discharged on the grounds that the potential jurors had not been given the 20 days notice provided for in the statute (Ill. Rev. Stat. 1975, ch. 78, par. 8). The trial court denied the motion citing the last sentence of the statute which permits the trial court to order the impaneling of a special petit jury when it is convinced that a jury cannot be obtained from a regular panel. The petit jury was impaneled on August 12, 1977, a jury was selected, the case was tried and the defendant was found guilty. On appeal the defendant does not allege any errors occurred at trial.

The sole issue on this appeal is whether the August 5, 1977, hearing on the People's petition for the impaneling of a special petit jury was a critical stage of the proceedings at which the defendant was entitled to the assistance of counsel.

■■ It is well settled that the right to counsel attaches at any critical state of the proceedings. (*Coleman v. Alabama* (1970), 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999; *People v. Bonner* (1967), 37 Ill. 2d 553, 229 N.E.2d 527.) Therefore, if the August 5, 1977, hearing on the People's motion for the impaneling of a special petit jury was a critical stage of the proceedings the defendant was entitled to the presentation of counsel at

it. However, we hold that it was not a critical stage of the proceedings.

The hearing in question concerned the purely administrative function of entering an order directing the clerk of the court to impanel a petit jury so that the defendant could be tried by a jury. There is no allegation that the petit jury was selected in an improper fashion. The only complaint is that the petit jurors were not given the 20 days notice set forth in the statute (Ill. Rev. Stat. 1975, ch. 78, par. 8). It is apparent that this notice is provided for the administrative convenience of the circuit clerk, and to allow the petit jurors some time to arrange their personal affairs so they can fulfill their civic duty with a minimum of personal inconvenience.

Thus, in *People v. Estes* (1922), 303 Ill. 602, 610, 136 N.E. 459, 462, the Supreme Court held that the 20-day notice requirement of this section is merely directory and not mandatory, and that the failure to draw the names within the time permitted is not error. Clearly, the trial court did not err in entering the order of August 5, 1977, directing the clerk to impanel a petit jury for defendant's forthcoming trial. It is also clear that the brief hearing held on the State's motion could not possibly prejudice any of the defendant's rights. Therefore, the hearing on this motion was not a critical stage of the proceedings, and the defendant need not have been present or represented by counsel.

For the above stated reasons the judgment of the Circuit Court of Kendall County is affirmed.

Affirmed.

GUILD, P. J., and NASH, J., concur.