(No. 29863.—

The People of the State of Illinois, Defendant in Error, *vs.* Jack A. Reid, .Plaintiff in Error.

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

Jack A. Reid, *pro se.*

George F. Barrett, Attorney General, and William J. Tuohy, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, and Francis D. Partlan, all of Chicago, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county, on a hearing before the court without a jury, of the crime of bigamy. He was sentenced on Feb-

ruary 28, 1946, to the Illinois State Penitentiary for a term of not less than four years nor more than five years, and was fined one dollar. Appearing *pro se,* he claims here that his sentence was illegal because the minimum limit as set by the court is in excess of the maximum limit if credit is to be given him for good conduct, and that the amendment of 1943 to the Sentence and Parole Act is unconstitutional in that it delegates to the judiciary legislative power to fix appropriate punishment for crime.

In support of his first objection he argues that under the maximum of five years, fixed by the court, he would be entitled to parole at the end of three years and nine months, by good time allowance, but that under the sentence of a minimum of four years he would be denied the benefit of such good time, since the minimum is greater than three years and nine months.

This question was presented to this court in *People* v. *Tyson,* 393 Ill. 108, where this exact objection was passed upon contrary to the contention of plaintiff in error.

Concerning the contention that the amendment of 1943 to the Sentence and Parole Act (Ill. Rev. Stat. 1945, chap. 38, pars. 802 and 803,) is invalid, plaintiff in error says that such was an illegal delegation to the judiciary of the power to fix sentence. This is a misapprehension. The trial court is not by this act given power to fix the limits of the sentence, as contended by plaintiff in error, but to fix the minimum and maximum within the minimum and maximum provided by law, and the statute can in no sense be said to be a delegation of legislative power to prescribe punishment for criminal offenses. (*People* v. *Burnett,* 394 Ill. 420.) This same objection was raised in *People* v. *Roche,* 389 Ill. 361, where this amendment was held valid.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*