(No. 31580.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTHONY LEROY JONES, Plaintiff in Error.

*Opinion filed January 18, 1951.*

ANTHONY LEROY JONES, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

At the November Term, 1946, of the criminal court of Cook County, the plaintiff in error, Anthony LeRoy Jones, was indicted for murder of a female person while attempting to forcibly ravish and carnally know the said female. He was represented by the public defender of Cook County and pleaded not guilty to the indictment. After his cause was continued many times, he waived trial by jury in writing and, appearing with counsel, was tried by the court at the following April term. Evidence was offered and plaintiff in error was found guilty, as charged in the indictment. Written motions for a new trial and in arrest of judgment were overruled after argument. He was then sentenced by the court to the Illinois State Penitentiary for the term of his natural life. He was allowed ninety days for filing a bill of exceptions. He prosecutes a writ of error to this court *pro se* and presents only the common-law record. There is no bill of exceptions.

Errors assigned are that the constitutional rights of plaintiff in error were violated in that he was held *incommunicado* for several days after arrest and before arraignment; that he was denied a prompt hearing after arrest; that he was threatened with pistols, clubs and verbal abuse and placed in fear of bodily harm; that he was denied a fair trial; and that he was denied the right to competent counsel. Plaintiff in error was tried on an indictment which contained full information as to the crime charged against him and, therefore, no preliminary hearing was necessary. There is nothing in the record to support or substantiate any of the other contentions. The record shows that defendant was indicted at the November term, but was not tried until the following April. Frequent continuances were granted by agreement of the parties, during which time defendant was always represented by counsel. There is no word in the record showing any remonstrance or objection on his part. We have consistently held that where there

is no bill of exceptions filed with the common-law record of conviction, the reviewing court is limited to a consideration of the record before it. *People* v. *Witt,* 394 Ill. 405; *People* v. *Geddes,* 396 Ill. 522; *Carter* v. *People,* 329 U.S. 173, 67 S. Ct. 216.

We do not find in this record that plaintiff in error was in any manner deprived of due process of law or that he did not have a fair trial. Finding no error, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*