(No. 32773.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEVI LONG, Plaintiff in Error.

*Opinion filed September 24, 1953.*

Naylor & Austin, of Carthage, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and Preston W. Kimball, State's Attorney, of Carthage, (Fred G. Leach, and Harry L. Pate, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

After a trial by jury in the county court of Hancock County, Levi Long was convicted of the offense of driving an automobile while under the influence of intoxicating liquor, a misdemeanor. He was fined $100 and sentenced to six months' imprisonment in the Illinois State Farm at Vandalia. He seeks a reversal by writ of error in this court, on the theory that a constitutional question is involved.

On Saturday, July 12, 1952, at about 10:30 P.M., defendant was arrested without a warrant by a deputy sheriff, and was brought before a justice of the peace where a complaint was signed by the deputy sheriff. Defendant was thereupon lodged in jail, where he remained until the following Monday. On that day an attorney appeared on defendant's behalf, and the latter was released upon entering into a bond to appear before the justice of the peace on July 22. At the same time, the attorney talked to the State's Attorney by telephone, and agreed that defendant would appear before the county court on July 22. On the latter date defendant appeared in the county court with his attorneys, and the present information against him was

filed by the State's Attorney. The complaint pending before the justice of the peace was then dismissed and the bond released.

Defendant thereafter filed a motion to quash the information on the grounds that the statute under which it was brought is unconstitutional because of vagueness and indefiniteness, and that failure to hold a hearing before the justice of the peace prior to the county court proceedings denied him due process of law. Among his 34 assignments of error on this writ of error, defendant charges that the county court erred in overruling his motion to quash.

The People maintain that a fairly debatable constitutional question is not involved in this case so as to confer upon this court jurisdiction of the writ of error. We agree. Defendant was convicted as a second offender, for which the statute provides as follows: "On a second or subsequent conviction he shall be punished by imprisonment for not less than 90 days nor more than 1 year, and, in the discretion of the court, a fine of not more than One Thousand Dollars ($1000)." (Ill. Rev. Stat. 1951, chap. 95½, par. 144.) Defendant's contention is that by permitting the court in its discretion to impose a fine in addition to imprisonment, the legislature has unconstitutionally delegated its function of prescribing the punishment for the offense. The law is clearly to the contrary and is supported by previous decisions of this court. *People* v. *Reid,* 396 Ill. 592; *People* v. *Roche,* 389 Ill. 361.

Defendant's further argument that he was denied due process of law because no preliminary hearing was held before the justice of the peace likewise fails to present a fairly debatable constitutional question. (*People* v. *Jones,* 408 Ill. 89; *United States ex rel. Dilling* v. *McDonnell,* 130 Fed. 2d 1012.) The matters alleged and argued in this respect present, at most, a question whether the pertinent statutory provisions were complied with. They do not involve constitutional issues.

Before we can assume jurisdiction of a writ of error on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, that the ruling on it was preserved in the record for review, and that error was assigned on it. (*People* v. *Schmidt,* 413 Ill. 80; *People* v. *Estep,* 409 Ill. 125.) Since no constitutional question is involved in this case, and no other matter appears which would afford this court jurisdiction, the cause will be transferred to the Appellate Court, Third District.

*Cause transferred.*