(No. 35816.—

HERBERT BETTS *et al.,* Appellees, *vs.* THE VILLAGE OF CALUMET PARK *et al.,* Appellants.

*Opinion filed December 1, 1960.*

HENRY A. GENTILE, of Blue Island, (ROBERT J. COLLINS, of counsel,) for appellants.

WARREN R. Ross, of Chicago, for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an action for declaratory judgment to determine the powers vested in the board of trustees in municipalities

operating under the village form of government with respect to the appointment of officers and organization of committees. The complaint filed in the superior court of Cook County sought a declaration that certain village officers were properly appointed by the board and that other officers purportedly appointed by the village president improperly held office. The trial court entered judgment on the pleadings, decreeing that the appointments of the village board were valid, and the former appointees no longer held office.

Defendants have appealed directly to this court, alleging that a constitutional issue is involved. Of the eight grounds relied upon by defendants for a reversal of the decree below, only one purports to pose a constitutional issue. The ground is that section 9—84 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1957, chap. 24, par. 9—84,) in effect at the time of the appointments, and prior to the 1959 amendment (Ill. Rev. Stat. 1959, chap. 24, par. 9—84,) was an unconstitutional violation of the separation of powers guaranteed by article III of the constitution of Illinois.

The gist of the argument appears to be that section 9—84, prior to the 1959 amendment, permitted the board of trustees, a legislative body, to make appointments of persons in the executive branch. They argue that such appointments are inherently an executive function.

It is well settled that, unless the constitutional question presented is fairly debatable, this court will not assume jurisdiction of an appeal on the ground that a constitutional question is involved. (*Moore* v. *County Board of School Trustees,* 10 Ill.2d 320; *Continental Paper Grading Co.* v. *Fisher & Associates, Inc.* 1 Ill.2d 37; *People* v. *Long,* 415 Ill. 599; *Kimbrough* v. *Parker,* 407 Ill. 274.) We regard as well settled the rule that the method of appointment of other than constitutional officers is solely within the discretion of the State legislature.

In the case of *People ex rel. Greening* v. *Green,* 382 Ill.

577, it was urged that the Illinois Supreme Court cannot appoint one of its members or some citizen as a member of the Illinois State Public Building Authority, because article III of the constitution has divided the powers of government into three distinct departments and has provided that no department shall exercise any power properly belonging to either of the other departments, except as provided by the constitution. In that case we stated: "We do not consider this objection serious, because ever since the case of *People ex rel. Dunham* v. *Morgan,* 90 Ill. 558, this court has approved legislation providing for the appointment, by the courts, of commissioners and members of State boards. *People* v. *Evans,* 247 Ill. 547; *People ex rel. Lowe* v. *Marquette Fire Ins. Co.* 351 Ill. 516."

The provisions of the act for the appointments of the members of the transit authority board were also claimed to be in violation of the doctrine of separation of the powers in *People* v. *Chicago Transit Authority,* 392 Ill. 77. In that opinion, after discussing *People ex rel. Greening* v. *Green,* we stated at p. 98, "As we have seen, the method of appointment, other than of constitutional officers, is solely within the discretion of the legislative branch. See *People ex rel. Stead* v. *Board of Supervisors,* 223 Ill. 187, and *People ex rel. Gullett* v. *McCullough,* 254 Ill. 9."

We, therefore, conclude that defendants have raised no debatable constitutional issue on this appeal. This cause must, therefore, be transferred to the Appellate Court for the First District. *Cause transferred.*