(No. 39771.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
DOMINICK PETRUSO, Appellant.

*Opinion filed November 14, 1966.*

JOHN W. NIELSEN, of Rockford, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH, Assistant Attorney General, and ALFRED W. COWAN, JR., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant, Dominick Petruso, was tried in the circuit court of Winnebago County and convicted of rape. He has appealed and contends, as he did in a pretrial motion to dismiss the charge, that he was denied his constitutional and statutory rights to a preliminary hearing, that the grand jury which indicted him was illegally selected and drawn and that the indictment was defective.

The record discloses that defendant was arrested on May 21, 1965. Four days later he was brought before a magistrate at which time the complaint was read to him and he was advised of his right to counsel and of his right to remain silent. The hearing was terminated and nothing further was done when defendant indicated he would like to seek counsel. When he was interviewed by his parole officer several days later, defendant stated his sister was attempting to employ an attorney from Pennsylvania who had previously represented him. On June 29, 1965, the grand jury returned an indictment charging defendant with rape, and upon his subsequent arraignment an attorney was appointed to defend him when he informed the court

that he had no counsel. The record of his trial which followed reveals that he was convicted by the testimony of witnesses who testified against him in open court and in his presence.

Due to the nature of the preliminary hearing, defendant, who reasons that such hearing is a step in the "prosecution" for a crime, contends that he was deprived of State and Federal guarantees that an accused in all criminal prosecutions shall have the right to meet and confront the witnesses against him. This contention, however, has been long and soundly rejected, (see: *Goldsby* v. *United States,* 160 U.S. 70, 40 L. Ed. 343; *Green* v. *Bomar,* (6th cir.) 329 F.2d 796; *United States ex rel. Dilling* v. *McDonnell,* (7th cir.) 130 F.2d 1012; *McDonald* v. *Hudspeth* (10 cir.) 129 F.2d 196,) the *ratio decidendi* being that the constitutional mandate refers to and is satisfied by confrontation at the trial where guilt or innocence is decided.

Nor, in the absence of any showing of prejudice which would do violence to the concept of fundamental fairness, was defendant denied due process of law because a preliminary hearing was not held in accordance with section 109—1(b)(3) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1963, chap. 38, par. 109—1(b)(3).) Despite the enactment of the statute there is no constitutional right to a preliminary hearing prior to indictment or trial, (*Clarke* v. *Huff,* (D.C. cir.) 119 F.2d 204,) and we have consistently adhered to the view that where an indictment is returned containing full information of the crime with which an accused is charged, a preliminary hearing is not necessary. *People* v. *Jones,* 9 Ill.2d 481; *People* v. *Long,* 415 Ill. 599; *People* v. *Jones,* 408 Ill. 89; *Boone* v. *United States* (6th cir.) 280 F.2d 911; *Green* v. *Bomar,* (6th cir.) 329 F.2d 796.

Since defendant's basic constitutional rights have not been violated, we do not believe that the failure to grant him a preliminary hearing pursuant to section 109—1(b)(3)

of the Code of Criminal Procedure constitutes reversible error. No substantial prejudice appears from the record and it is apparent that the reason no preliminary hearing was conducted was because defendant was seeking a lawyer of his own choosing. In the absence of a showing of prejudice we will not reverse the present conviction for the failure to afford defendant a preliminary hearing.

Defendant next urges that the charge against him should have been dismissed due to the alleged lack of compliance with the provisions of the Jury Commissioners Act, (Ill. Rev. Stat. 1963, chap. 78, pars. 24-35,) in the selection of the grand jury which indicted him. This lack of compliance, he reasons, serves to vitiate constitutional guarantees of a fair and impartial jury.

The parties are agreed that the provisions of the Jury Commissioners Act have been held to be directory—not mandatory, so far as they relate to the selection of grand jurors, (*People* v. *Lieber,* 357 Ill. 423, 436,) and the concluding section of the act itself provides that no objection shall be allowed because of any failure to comply with the act or rules promulgated pursuant thereto, "unless the party urging the same shall show to the court that actual and substantial injustice has resulted or will result to him, because of the error or defect charged." (Ill. Rev. Stat. 1963, chap. 78, par. 35.) In *People* v. *Mack,* 367 Ill. 481, 488, however, this court held that: "The rule that mere irregularities in the selection of a jury will not constitute reversible error is applicable only where there has been an attempt to follow the law and there has been some irregularity in doing so.", and that: "When the substantial parts of provisions for the selection of jurors are violated such violations are those of substance and not merely of form amounting only to irregularities." It is the contention of defendant here that no attempt was made to comply with the statue in various respects, and that the indictment should have been dismissed even though no prejudice is shown.

To sustain his position defendant first contends there was a failure to comply with section 26 in that Winnebago County did not have a jury commission clerk when the grand jury which indicted him was drawn. (Ill. Rev. Stat. 1963, chap. 78, par. 26.) This argument borders on the frivolous when that section is read. Its clear direction is that the presence of a clerk is required only "if there be one," and that "if there be no clerk" at least one of the jury commissioners shall be present. No contention is made that a commissioner was not present. In like manner the statutory language refutes the further claim that there was substantial noncompliance due to the failure of Winnebago County to maintain a period jury list in addition to an active jury list. Section 31 provides that period lists are to be maintained only if prescribed by rules adopted by a majority of the judges of the several courts of a county, (Ill. Rev. Stat. 1963, chap. 78, par. 31,) and the record here is devoid of any showing that such a rule has been adopted. What is more, we find no satisfactory proof that a period list is not maintained.

Section 31 provides that the active jury list be prepared "From time to time," and directs that the number of names shall not be less than 5% of the aggregate of the general jury list, the latter list being comprised of the registered voters in the county. The testimony relating to compliance or noncompliance with this requirement, certainly not the best evidence available, was conflicting. If the testimony of a new and inexperienced clerk is to be believed, the list as it existed in 1965 was below the required percentage; if the testimony of her more experienced predecessor is to be believed there was full compliance with this part of the act. The resolution of the conflict, as well as the determination of credibility and weight, was the function of the trial judge and we see no basis for disturbing his findings in such regard. In a closely related point it is also urged there was noncompliance with the provisions of section 31

which require the preparation of the active jury list in such a manner as to ensure proportional representation by occupation and locality of residence. We have examined the record carefully and find no proof that such was the case. On the other hand, the testimony of the former commission clerk as to the manner in which an active jury list of 11,000 persons was prepared permits a reasonable inference that the proportional requisites were met "as near as may be." Ill. Rev. Stat. 1963, chap. 78, par. 31.

In Winnebago County grand jurors on the supplemental list who are not used for a particular term are carried over for use at the subsequent grand jury, and it is the contention of defendant that such practice constitutes a noncompliance with section 25 of the act which renders the indictment ineffective. We do not agree. The jurors in question were drawn by lot and from the proper source, and in our view there was substantial compliance with the section.

Accordingly, we conclude that the grand jury was legally constituted and that there was compliance or substantial compliance with the law in all respects of which complaint is made. In the absence of any showing of improper influence, undue prejudice or other matters which might have caused a true bill to be improperly returned, the trial court properly refused to quash the indictment on such ground.

For his remaining contention defendant asserts that the indictment was fatally defective because it did not contain the formal language prescribed by section 33 of article VI of the Illinois Constitution of 1870. It is enough to say that the section relied upon was repealed by the amendment to article VI, known as the Judicial Article, which became effective January 1, 1964.

The judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*