[Crim. No. 15746.   Second Dist., Div. One.   Apr. 23, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. EARL
WALKER, Defendant and Appellant.

Joseph Amato, under appointment by the Court of Appeal,
for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and Ivan Hoffman, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of battery upon a peace officer (§ 242, Pen. Code) and a
judgment of conviction of a simple assault (§ 240, Pen.
Code).

In an information filed in Los Angeles on January 29, 1968,
defendant was charged in count 1 with kidnaping Chaffon
Cockrell on November 4, 1967, in count 2 with kidnaping
Velma Harvey on November 4, 1967, in count 3 with assaulting Velma Harvey with a deadly weapon on November 4,
1967, and in count 4 with using force and violence upon
Officer Antkiewicz who at the time in question was engaged in
the performance of his duties. It was further charged that
previously, in September 1965, defendant was convicted of the
crime of violating section 11530, Health and Safety Code. In a
jury trial defendant was found not guilty of the charges set

forth in counts 1 and 2. He was found guilty of simple assault, a lesser and included offense, as charged in count 3 and guilty as charged in count 4. Defendant admitted the charged prior conviction and was sentenced to the county jail for the term of 30 days as to count 3 and to the state prison as to count 4, the terms to run concurrently. Defendant filed a timely notice of appeal from the judgment.

A résumé of some of the facts is as follows: on November 4, 1967, at about 11 a.m. Velma Harvey and her daughter with a friend were driving Velma's car in the City of Los Angeles. Defendant ran across the street towards the car, holding a brick in his hand. He pulled open a car door, got into the car and then drove away. The friend of Velma jumped out of the car leaving defendant, Velma Harvey and her daughter in the vehicle. Defendant struck Velma in the face area and her nose started to bleed. Defendant drove the car to the San Pedro area where he again struck Velma and threatened to drive over a cliff. The daughter of Velma was screaming. Velma saw a police vehicle and screamed for help. Defendant squeezed his hands around Velma's neck and made breathing difficult.

Officer Antkiewicz of the Harbor Division Patrol of the Los Angeles Police Department was driving a police car in the Fermin Point Park area in San Pedro and saw and heard Velma screaming for help. The officer turned the police car around and gave chase. Defendant ran Velma's car up over a curb and onto the grass. Velma jumped out and ran to the officer. She was hysterical and called for help. Her face was swollen and her lips were bloody.

Defendant got out of the car carrying Velma's child and the officer ordered him to put the child down and to go to the police car. Defendant at the direction of the officer got into the back seat of the police car. Velma made a complaint to the officer at which time defendant got out of the police car. The officer advised defendant, who was then walking toward the officer, that he was then under arrest. The officer then took defendant by the arm and pulled him toward himself. Defendant resisted and the officer put an arm control on defendant and they fell to the ground. The officer reached for his handcuffs, lost his balance, and rolled into the street. Defendant got up, lunged at the officer and struck him in the midsection knocking him against the car. The officer attempted to gain control of defendant and reached to prevent his service gun from slipping out of its holster when defendant attempted to and did pull the revolver out of the

holster. The officer grabbed the cylinder and hammer of the gun to the end that it would not fire. The struggle continued until some citizens gave assistance to the officer and the gun was taken away from defendant.

Defendant testified and denied that he had struck Velma, denied that he had grabbed the officer's gun or had struck or pushed the officer.

On cross-examination defendant was asked whether he ever had been convicted of a felony and he replied that he had been so convicted in 1965 of possessing narcotics. He was then asked "Is that the only time" and he replied "Yes, sir." The prosecutor asked "What about Pasadena" and defendant replied "Oh, yes" and said "I forget the date, but it hasn't been too long ago." When asked the approximate date an objection was made upon the ground that the matter was not final. The objection was overruled and defendant stated that the conviction was had the previous month and that the charge was "Conspiracy to commit burglary."

Appellant now asserts that the evidence was insufficient to support the judgment and that the impeachment questions with reference to the burglary conspiracy charge improper. There is no merit to appellant's contentions.

Under Penal Code section 182 conspiracy to commit a felony is punishable to the same extent as is "provided for the punishment of the said felony." Penal Code section 461 provides that burglary in the first degree carries a mandatory sentence to the state prison. When ". . . an offense is punishable either as a felony (by imprisonment in the state prison) or as a misdemeanor (by imprisonment in the county jail), it is deemed a felony for all purposes up to the imposition of sentence." (*Barker* v. *California-Western States Life Ins. Co.*, 252 Cal.App.2d 768, 772 [61 Cal.Rptr. 595]; *People* v. *Johnson*, 164 Cal.App.2d 470, 476 [330 P.2d 894]; *People* v. *Banks*, 53 Cal.2d 370, 381 [1 Cal.Rptr. 669, 348 P.2d 102].)

■ With reference to the assertion that the evidence was insufficient it is clear that appellant committed the battery upon the police officer even to the extent of attempting to use the officer's weapon against him. The evidence and the inferences therefrom are equally clear that appellant struck, beat and choked Velma.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.