THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HERNÁN SANTIAGO PADILLA, Defendant and Appellant.

No. CR-70-155.     Decided September 13, 1972.

*Santos P. Amadeo* and *Ángel Valencia Valle* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Jorge Ríos Torres, Assistant Solicitor General,* for The People.

MR. JUSTICE MARTÍNEZ MUÑOZ delivered the opinion of the Court.

Five informations were filed against the defendant. Three of them were for assault with intent to commit murder, another for a subsequent offense for violation of § 8 of the Weapons Law, and the fifth one for the violation of § 6 of said law.

In one of the cases for assault with intent to commit murder he was found guilty of assault with intent to commit

manslaughter and he was given a penalty of from 4 to 10 years in the penitentiary for a subsequent offense. In the other two he was found guilty of aggravated assault and battery, and he was ordered to serve (1) year in jail in each case.

For the violation of § 8 of the Weapons Law for a subsequent offense, he was sentenced to serve from 3 to 7 years in the penitentiary, and for the violation of § 6 he was given a sentence of one year in jail.

These sentences were to be served concurrently.

The five cases were tried jointly; the three cases for assault with intent to commit murder and the one for the violation of § 8 of the Weapons Law, before a jury and the one for the violation of § 6 of said law, by the court without a jury. In the four cases the verdict was returned by a majority of 9 to 3 jurors.

■ The first error assigned consists in challenging the validity of the sentences in the four cases tried before a jury because the verdict of guilt was not unanimous, question which has already been decided by this Court in an adverse manner to appellant. *People* v. *Hernández Soto*, 99 P.R.R. 746 (1971). The first error was not committed.

■ In his second assignment of error, appellant alleges that the indeterminate sentences imposed upon him in two of the cases as subsequent offender are void because § 56, subdivision 2 of the Penal Code, 33 L.P.R.A. § 131(2), on which they are based, violates the doctrine of separation of powers by depriving the trial judge of the discretion to regulate the sentence. As sole authority he cites in his support the case of *People* v. *Tenorio*, 473 P.2d 993 (1970).

In the *Tenorio* case, defendant was convicted of the offense of possession of marihuana. The defendant admitted having been convicted eight years before for the same offense. The violated law contained a provision which precluded the courts from dismissing the allegation of prior conviction except upon

motion of the district attorney. The Supreme Court of California annulled said provision.

Said court held that in the light of the doctrine of the separation of powers, the power granted to the prosecuting attorney, in effect, deprived the judicial power of exercising its discretion in the imposition of the penalty, prerogative which is fundamentally inherent in the judicial power.

We agree with the Solicitor General to the effect that what was decided therein has no relation with the provisions of § 56 of the Penal Code.

Section 56 provides for the sentence of persons convicted of subsequent offenses. In subdivision 2, which is the modality involved herein, it provides that if the subsequent offense is such that, upon the first conviction, the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, the subsequent offense will be punished by imprisonment in the penitentiary not exceeding 10 years.

On other occasions we have held that the purpose of the provisions of § 56 and other similar ones of our Penal Code is that of imposing a more severe penalty on the subsequent offender, *Sánchez* v. *Angelí*, 80 P.R.R. 154 (1957); and that the modifier "subsequent" only affects the discretion of the trial judge upon imposing the penalty to the defendant once he has been convicted. *People* v. *Cabán Rosa,* 92 P.R.R. 844 (1965).

The aforesaid section gives the trial judge a margin of fluctuation between the minimum and the maximum of the penalty within which he may exercise his discretion, *Sánchez* v. *Angelí, supra,* maintaining always his traditional power to receive evidence as to circumstances either in mitigation or aggravation of the punishment. Rule No. 171 of the Rules of Criminal Procedure.

The power to create offenses and to fix the penalties has always been the prerogative of the Legislative Power. Section

5, Penal Code, 33 L.P.R.A. § 5. Appellant has not shown nor do we see any conflict whatsoever between the fixing of the penalty for those convicted of subsequent offenses provided in § 56 and the constitutional provision concerning the separation of powers.

The last assignment of error challenges the sentence of 4 to 10 years in the penitentiary imposed on him by the judge for the subsequent offense of assault with intent to commit manslaughter.

The information filed against appellant charge him with the offense of Assault With Intent to Commit Murder. Section 218 of the Penal Code, 33 L.P.R.A. § 732. This offense is not characterized in said section, but by definition it is a felony for it entails a penalty of imprisonment in the penitentiary. Section 14, Penal Code, 33 L.P.R.A. § 35.

Prior convictions in three cases for the offenses of Assault With Intent to Commit Murder were alleged in said information and admitted by appellant. The jury found him guilty of Assault to Commit Manslaughter. The trial judge sentenced him to a penalty of 4 to 10 years in the penitentiary at hard labor, subsequent conviction.

Appellant maintains that the trial judge, acting under the provisions of § 223 of the Penal Code, 33 L.P.R.A. § 762, punished him with imprisonment in the penitentiary (felony) instead of punishing him with imprisonment in jail, or fine (misdemeanor) as authorized by said section; that said section is unconstitutional because: (1) "the legislative power cannot delegate on the Judiciary the power to determine whether an offense is a *felony* or a *misdemeanor*, since this function falls within the exclusive jurisdiction of the Legislature"; and (2) even acknowledging said power, the legislative power would be bound to establish the rules for the classification of offenses, in accordance with the doctrine of the delegation and separation of powers.

Section 223 provides the following:

"Every person who is guilty of an assault, with intent to commit any felony, except an assault with intent to commit murder, the punishment for which assault is not prescribed by the preceding section, is punishable by imprisonment in the penitentiary not exceeding five years, or in jail not exceeding one year, or by fine not exceeding five hundred dollars, or by both."

Since the beginning of the century, in *The People* v. *Llauger*, 14 P.R.R. 534 (1908), we acknowledged the existence of the crime of Assault With Intent to Commit Manslaughter under our penal statutes. We held there that since manslaughter is a felony and "since it is not included in section 222 of the Penal Code, an assault with intent to commit this felony, manslaughter, is clearly punishable under section 223 of said Code." *The People* v. *Llauger, supra* at 539. And in *The People* v. *Dumas*, 14 P.R.R. 384, 391 (1908), we held that the crime of assault with intent to commit manslaughter is comprised in the crime of assault with intent to commit murder.

Pursuant to § 223 the penalty fixed, which may be imposed for assault with intent to commit a felony, such as manslaughter, is of imprisonment in the penitentiary not exceeding five years, or in jail not exceeding one year, or by fine not exceeding five hundred dollars, or by both at the discretion of the court.

Our Penal Code, like the Penal Code of California, contains provisions which like those of § 223 fix in the alternative penalties of imprisonment in the penitentiary or in jail, and fine, in a number of offenses without expressly classifying them as felonies or misdemeanors.[1] In order to characterize them it is necessary to refer to the general distinction made in § 14 of the Code, 33 L.P.R.A. § 35:

"A felony is a crime which is punishable with death, or by

---

[1] As examples taken at a brief glance from the Penal Code, see §§ 109, 109½, 113, 140, 178, 188, 216, 226, 227, 260, and 264.

imprisonment in the penitentiary. Every other crime is a misdemeanor. When a crime punishable by imprisonment in the penitentiary is also punishable by fine or imprisonment in jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the penitentiary."

■ There are several cases of California which, under a provision similar to that of our § 14, have held that an offense which entails one or the other penalty—imprisonment in the state prison or imprisonment in jail—is deemed a *felony* for all purposes *up to* the imposition of sentence. *People* v. *Walker*, 76 Cal. Rptr. 924 (1969) ; *People* v. *Johnson*, 330 P.2d 894 (1958). In Puerto Rico we have held that when a crime classified as a felony punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes *after* judgment imposing a punishment other than imprisonment in the penitentiary. *The People* v. *Moura*, 5 P.R.R. 20 (1903).

Appellant alleges that, in effect, § 223 grants the judge the power to determine whether an offense is a felony or a misdemeanor, function which is incumbent upon the Legislative Branch and which it cannot delegate. Appellant cites Art. I, § 2 of the Constitution of the Commonwealth of Puerto Rico, which reads as follows:

"The government of the Commonwealth of Puerto Rico shall be republican in form and its legislative, judicial and executive branches as established by this Constitution shall be equally subordinate to the sovereignty of the people of Puerto Rico."

■ Section 223 of the Penal Code does not involve an undue delegation of legislative power to the Judicial Branch. By the express will of the Legislature, § 223 established the offense of assault with intent to commit a felony, exception made of murder and other offenses set forth. It is incumbent upon the court or the judge within the judicial process to

investigate and determine whether or not the defendant has committed the acts charged against him and, when proper, the degree of the offense the commission of which has been prohibited by the statute. In Puerto Rico the offenses are of a statutory origin. *Corretjer* v. *District Court*, 72 P.R.R. 704, 710 (1951). The Judicial Branch has no inherent power, nor does § 223 grant it any initial power whatsoever to create the offense for which the defendant was tried. Section 223, as we have seen, sets forth the penalties to be imposed assigning upon the judge the power to pronounce sentence and fix the penalty which is proper in the exercise of a sound discretion observing that the penalty falls within the limits fixed by the Legislature in the statute. The exercise of this power of the judges in this highly important stage of the judicial process is acknowledged by several provisions of the Penal Code, besides § 14 of said legal body. Thus §§ 27 and 28 (33 L.P.R.A. §§ 48 and 49) provide:

"The several sections of this Code which declare certain crimes to be punishable as therein mentioned, devolve a duty upon the court authorized to pass sentence, to determine and impose the punishment prescribed.

"Whenever in this Code the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case must be determined by the court authorized to pass sentence, within such limits as may be prescribed by this Code."

■ There are a legion of our cases which acknowledge the principle of discretion which the judges have in the imposition of the penalty. *Torres Martínez* v. *Delgado, Warden*, 93 P.R.R. 380 (1966); *Angleró Texidor* v. *Delgado, Warden*, 92 P.R.R. 419 (1965); *People* v. *Jaimán*, 86 P.R.R. 663 (1962); *People* v. *Monzón*, 72 P.R.R. 69 (1951); *People* v. *Liceaga*, 36 P.R.R. 403, 405 (1927). As a matter of fact our criminal law system necessarily gives the judge a great margin of discretion in the imposition of the penalty. And

that is reasonable for it allows the judge to distinguish between the different offenders and apply the solution which each case deserves individually.

The fact that the Legislature has determined that when an offense punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in jail, it shall be considered a felony unless the court, upon rendering judgment, imposes a punishment other than imprisonment in the penitentiary (§ 14), does not show a legislative preference for the imposition of sentences of imprisonment in the penitentiary. *In re Anderson*, 73 Cal. Rptr. 21, 447 P.2d 117, 126 (1968).

■ Appellant has not cited nor have we found any authority whatsoever to support his attack of § 223 of the Penal Code. On the contrary, there are several cases of California and other states which hold the validity of provisions similar to ours against the argument to the effect that they violate the due process of law, the equal protection of the laws, and the constitutional principle of separation of powers. *In re Anderson, supra* at 126; *State* v. *Logan*, 403 P.2d 279, 280 (Ariz. 1965); *People* v. *Reid*, 72 N.E.2d 812, *cert. den.*, 332 U.S. 776 (Ill. 1947); *People* v. *Pryor*, 61 P.2d 773 (Cal. 1936); *Ex Parte O'Shea*, 105 P. 776 (Cal. 1909).

■ Appellant was accused of the felony of assault with intent to commit murder. He admitted the conviction in three previous cases for that offense. He was convicted of a subsequent offense of assault with intent to commit manslaughter. The sentence of 4 to 10 years in the penitentiary agrees with the margin prescribed by law.

The sentences object of this appeal will be affirmed.

Mr. Chief Justice Negrón Fernández, Mr. Justice Hernández Matos, and Mr. Justice Rigau took no part in the decision of this case.