Filed 11/3/15  P. v. Garcia CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN ACOSTA GARCIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B261447<br>(Super. Ct. No. 2014025693)<br>(Ventura County) |

Christian Acosta Garcia appeals the denial of his petition to reduce his conviction of second degree burglary (Pen. Code,[1] §§ 459, 460) to a misdemeanor "shoplifting" pursuant to section 459.5, which was enacted pursuant to Proposition 47.  We agree that the trial court erred in refusing to reduce the conviction and accordingly reverse.

### FACTS AND PROCEDURAL HISTORY

Because appellant pled guilty prior to a preliminary hearing, the relevant facts are derived from the probation report.  On or about July 28, 2014, Lane Magana's checkbook for his account at Chase Bank was lost or stolen.  The following day, appellant entered the bank and cashed one of Magana's checks,

---

[1] All further undesignated statutory references are to the Penal Code.

which had been made payable to appellant in the amount of $500. When appellant was arrested a few weeks later, he had possession of another check from Magana's account that Magana had made payable to a third party in the amount of $200. He was also implicated in his cousin Richard Ruiz's unsuccessful attempts to cash additional stolen and forged checks.

Appellant was charged with second degree burglary, forgery (§ 470, subd. (d)), receiving stolen property (§ 496, subd. (a)), and other crimes. He later pled guilty to second degree burglary and receiving stolen property pursuant to a plea agreement. He was placed on probation and ordered to serve 180 days in county jail. The remaining charges were dismissed.

On December 5, 2015, the People filed a notice of probation violation. Three days later, appellant petitioned the court to reduce both of his convictions to misdemeanors pursuant to section 1170.18, which was enacted as part of Proposition 47. The court granted the petition as to the crime of receiving stolen property, but declined to reduce the burglary to a misdemeanor. After reviewing the probation report, the court stated, "It looks like the 459 in Count 2 has to do with the use of a fraudulent check which, in my view, is not involved with Prop. 47." The court then added, "[b]ased on the summary of the event which was used as a factual basis for the defendant's plea, [the burglary charged in] Count 2 was entering a Chase Bank in Moorpark with a fraudulent check."

When appellant's attorney asked for further clarification, the court explained: "It's a burglary charge, it's not a theft charge so the amount is irrelevant. . . . [I]t wasn't a burglary associated with a reclassification or a renumbering [of sections] 666 or 459 situation. [¶] And it looks to me that, in terms of [the receiving stolen property charged in] Count 3, it has to do with a $200 check and so Count 3 would appropriately, in my view, be reclassified under Proposition 47. And I'll make that order now." Appellant admitted the probation violation and probation was reinstated.

2

DISCUSSION

Appellant contends the court erred in declining to reclassify his felony second degree burglary conviction as a misdemeanor "shoplifting" under section 459.5, which was enacted as part of Proposition 47.  We agree.

Under Proposition 47, certain drug and theft-related offenses that were previously designated as felonies or "wobblers" are now punishable only as misdemeanors.  A defendant serving a felony sentence for a crime that is now a misdemeanor under Proposition 47 may petition for recall of that sentence and request resentencing pursuant to the statutes that were added or amended by the proposition.  (§ 1170.18; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

Appellant was convicted of second degree burglary and receiving stolen property, both of which were treated as felonies for purposes of sentencing.  The latter crime is now a misdemeanor under Proposition 47.  Second degree burglary, which is defined in relevant part as the entering of a building other than a residence "with intent to commit grand theft or petit larceny or any felony," remains punishable as either a misdemeanor or a felony.  (§§ 459, 461, subd. (b).)  Proposition 47, however, also added the "new" crime of "shoplifting," which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours" and where the value of the property taken or intended to be taken does not exceed $950.  (§ 459.5, subd. (a).)  The crime of shoplifting, with certain exceptions not relevant here, is punishable only as a misdemeanor.  The new law also provides that any act of shoplifting as defined in the statute "shall be charged as shoplifting" and that "[n]o person who is charged with shoplifting may also be charged with burglary or theft of the same property."  (§ 459.5, subd. (b).)

Count 2 of the information alleged that appellant committed second degree burglary when he "unlawfully entered a commercial building . . . with the intent to commit larceny and any felony."  That is the crime to which appellant pled

3

guilty. In declining to resentence appellant on this count, the court reasoned that he was "entering a Chase Bank in Moorpark with a fraudulent check." According to the People, we can thus infer the court found that appellant was not convicted of entering the bank to commit larceny, but rather to commit identity theft (§ 530.5), which remains punishable as a misdemeanor or a felony. (See, e.g., *People v. Walker* (1969) 272 Cal.App.2d 252, 254.)

Even if we could reasonably make such an inference, the record does not support a finding that appellant pled guilty to an intent to commit identity theft. He was not charged with that crime, nor was it ever referred to at any point in the proceedings. Although he was separately charged with forgery, that charge was dismissed pursuant to his plea agreement. In any event, under Proposition 47 a forgery involving $950 or less is also now a misdemeanor. (§ 472, subd. (b).) The crime thus cannot provide the basis for a second degree burglary conviction, which requires the intent to commit a felony.

Section 459.5 makes clear that any act defined as shoplifting must be so charged, and that any person charged with that crime cannot be charged with burglary of the same property. Because appellant was charged with and pled guilty to entering the bank "with the intent to commit larceny" and no reference was made to any specific felony other than larceny, appellant was entitled to be resentenced under section 459.5.[2]

The order denying appellant's petition to be resentenced under section 459.5 on his second degree burglary conviction is reversed.

NOT TO BE PUBLISHED.

---

[2] The People do not assert any basis for the court to have concluded that appellant was ineligible for resentencing under Proposition on the ground it "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Moreover, the fact that appellant was granted probation would dictate against such a finding. Accordingly, remand for a public safety analysis under section 1170.18 is unnecessary.

4

PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, Ashley Jones, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, John Yang, Deputy Attorney General, for Plaintiff and Respondent.