THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN W. ANDRUS, Defendant-Appellant.

Fifth District   No. 75-67

Opinion filed April 22, 1976.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

534

Robert H. Howerton, State's Attorney, of Marion (Bruce D. Irish and Rolf F. Ehrmann, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, John W. Andrus, was convicted of attempt burglary after a jury trial in Williamson County and was sentenced to from three years, four months to ten years. The sole issue on appeal is whether the court erred in denying defendant's motion to suppress an oral statement.

Defendant was arrested after he was seen jumping from a building in Marion, Illinois, by a police officer on routine patrol. The officer ordered defendant to halt and fired a warning shot. Defendant fled into a field where he was apprehended a short time later. Although the incident occurred on a hot July night, defendant was wearing gloves. This prompted the officer to ask defendant where his tools were. Defendant indicated that the tools were on the roof of the store. The arresting officer turned defendant over to another officer and inspected the roof. There he found a leather bag, a crow or pry bar and a hand-axe or hatchet. The roofing material had been broken away in an area about two feet square and the metal roof had been cut on three sides of a rough square.

The second officer handcuffed defendant and placed him in a squad car. He then advised him of his rights as required by *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966). He advised defendant again that he did not have to speak and asked him if he was alone. Defendant responded that "I do all of my jobs by myself," adding that he did so because he had once been caught while with a partner.

Defendant moved to suppress both statements on grounds that *Miranda* dictates had been violated and that defendant had been subjected to physical abuse by the officers. Defendant also moved to suppress the tools and photographs taken on the roof as fruits of the inadmissible statements. At the hearing on the motion to suppress, the State conceded that the statement about the tools should be suppressed. The court held that the second statement was voluntary as being given after the *Miranda* warnings, that defendant was subjected to no abuse, and that the tools and photographs were admissible as products of routine investigation unrelated to the statement.

The same evidence was introduced at trial except for the suppressed statement and that portion of the second statement referring to a prior arrest. In addition, the manager of the store testified that he did not give defendant permission to enter the building. On this appeal, defendant contends that the second statement should have been suppressed as a product of the first, suppressed statement. We are not concerned with the

admission of the tools and there is no allegation on this appeal that the statement was made prior to the *Miranda* warnings.

The State argues that defendant has waived the issue presented on this appeal in that his sole argument in the trial court was the use of physical abuse and the lack of *Miranda* warnings and that defendant at no time argued that the second statement was a product of the first. We believe this interpretation too narrow and will address the merits of the issue.

■■ The Supreme Court of the United States has held that warning defendant of his rights under *Miranda* does not *per se* remove the taint from a confession given after an illegal arrest. (*Brown v. Illinois*, 422 U.S. 590, 45 L. Ed. 2d 416, 95 S. Ct. 2254 (1975).) Our Supreme Court has recently said that repeated *Miranda* warnings do not *per se* remove the taint from a confession obtained after defendant's request for counsel. (*People v. White*, 61 Ill. 2d 288, 335 N.E.2d 457 (1975).) Defendant in the instant case, however, would have us apply another *per se* test and hold the second statement inadmissible simply because the first was. This we cannot accept. The rule in Illinois is that the voluntariness of a statement or confession is to be determined from the totality of the circumstances. *People v. Prim*, 53 Ill. 2d 62, 289 N.E.2d 601 (1972); *People v. Simmons*, 60 Ill. 2d 173, 326 N.E.2d 383 (1975).

■■ In the instant case we consider the prior statement just one of those circumstances. Others include defendant's capture on the scene after having been seen jumping from the building and his sure knowledge that the tools and damage to the roof would be immediately discovered. In essence, therefore, defendant was caught "red-handed" and knew that his silence would make little difference.

In addition, no evidence was introduced at the hearing on the motion to suppress that defendant gave the second statement because he had made the first. Defendant cites *People v. Raddatz*, 91 Ill. App. 2d 425, 235 N.E.2d 353 (1st Dist. 1968). But in *Raddatz* the defendant testified without contradiction that he gave a written statement after being given the *Miranda* warning solely because he believed that he had already confessed in a prior oral statement subsequently ruled inadmissible and that a second statement would make no difference. No such testimony appears in the instant case.

■■ We believe the instant case to be more similar to *People v. Landgham*, 122 Ill. App. 2d 9, 257 N.E.2d 484 (1st Dist. 1970), where the court, in holding admissible a written confession taken a short time after an oral statement, distinguished *Raddatz* in part on the grounds that defendant did not at any time in the trial court contend or show that the second statement was a product of the first. See also *People v. Willis*, 26 Ill. App. 3d 518, 325 N.E.2d 715 (1st Dist. 1975).

■■ In *People v. Burris*, 49 Ill. 2d 98, 273 N.E.2d 605 (1971), defendant

536

contended that a written statement was the product of a prior statement taken before *Miranda* warnings had been given. No testimony appeared, however, that any oral statement had been taken. The court noted, "It would appear that if the written statement had in any way been influenced by any previous interrogation or conduct, the defendant would have given some testimony from which such an inference could have been drawn." (49 Ill. 2d 98, 104, 273 N.E.2d 605, 609.) Though we know of the prior statement in the instant case, we believe the language from *Burris* applicable. The only testimony of prior conduct which prompted the second statement in the instant case was that of physical abuse not believed by the court. We therefore hold that the statement made by defendant to the police officer was properly admitted into evidence.

The judgment of the Circuit Court of Williamson County is affirmed.

Affirmed.

EBERSPACHER and G. J. MORAN, JJ., concur.