THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID DAVENPORT, Defendant-Appellant.

Second District   No. 75-512

Opinion filed May 31, 1977.

Walter Kilgus, of Nelson & Kilgus, of Morrison, for appellant.

Loren S. Golden, State's Attorney, of Mt. Carroll (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

In a bench trial the defendant, David Davenport, was found guilty of unlawful restraint. He was sentenced to not less than one year and not

more than one and one half years in the penitentiary. On appeal the defendant contends (1) that the in-court identification of him should have been suppressed, and (2) that certain statements he made prior to his *Miranda* warnings should have been excluded, and (3) that the trial court abused its discretion in denying him probation.

The complainant was walking alone on a public street at about 5 a.m. when she was grabbed from behind by an assailant who put his arm around her pinning her arms, and covered her mouth with his other hand. At this time, complainant was able to observe her assailant face to face near a street light for 30 to 60 seconds. During the ensuing struggle they fell to the ground and she was told she would be shot if she continued to resist. The assailant fled as headlights approached; complainant stopped the approaching car which turned out to be the police. She gave them a statement including a description of her assailant. She testified at the trial as to her assailant's build, hair color and length and his clothing.

That afternoon the police called on the defendant at his home and requested that he come to the station to discuss the incident. While at home, the police asked him if he had "followed a girl down by the hospital"; he replied, "Yes." At the police station, he identified a photo of the complainant and admitted having seen her before. The defendant was next given the *Miranda* warnings and was then identified by complainant in a one man "show up." After being identified, he was placed under arrest and he gave the police a confession, which differed from complainant's version of the story. The "show up" identification of the defendant by the complainant was suppressed prior to trial.

At trial, the complainant made an in-court identification of the defendant. There was testimony regarding defendant's version of the incident as told to the police and corroboration of complainant's description of defendant's appearance and location on the night in question.

■■ The issue which is central to the admissibility of an in-court identification of the defendant is whether there is sufficient independent basis for the identification. The factors to be considered in determining whether such a basis exists include the opportunity for observation of the defendant at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior descriptions, the witness' level of certainty at confrontation, and the length of time between the crime and the confrontation. *Neil v. Biggers* (1972), 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375.

■■ The record here shows that complainant viewed defendant's face under reasonably good light for 30 to 60 seconds as she and the assailant were face to face while he had one hand over her mouth. We conclude that this was adequate opportunity to observe the defendant at the time

of the crime. Further, complainant gave an accurate description of her attacker and has always identified only the defendant as her attacker. A "show up" identification, even if suppressed as here, does not necessarily taint a later identification. We find that considering all the factors as a whole there was an independent basis for the in-court identification and that there was no error in admitting it.

■■ Defendant next argues that certain statements made prior to his being given the *Miranda* warnings were incriminatory and that such statements should have been excluded. We disagree. The defendant was not in custody when the statements were made. Defendant's freedom of action was not restricted at his house, he had driven his own car to the police station, and at that time he had not been placed under arrest. The *Miranda* decision applies only to cases of custodial interrogation. *People v. Bey* (1970), 45 Ill. 2d 535; *People v. Kelley* (1973), 10 Ill. App. 3d 193.

■■■ Assuming, *arguendo*, that defendant was in custody, we do not view either of his statements as incriminatory. Additionally, defendant did receive *Miranda* warnings prior to his confession, and we view this as untainted by any impropriety associated with the earlier statements. While giving *Miranda* warnings does not *per se* remove the taint from an improper confession, neither will an earlier improper confession *per se* render a later one inadmissible; each must be determined from the totality of circumstances. (*People v. Andrus* (1976), 37 Ill. App. 3d 533.) Applying this rule, we are of the opinion that the trial judge properly received the defendant's pre-arrest statements and his later confession.

■■ Defendant finally urges that the trial court abused its discretion in denying probation. Imposition of a sentence is a matter of judicial discretion, and in the absence of a manifest abuse of that discretion, it will not be altered by a reviewing court. (*People v. Bonner* (1967), 37 Ill. 2d 553.) The record reveals adequate basis for denying probation.

The conviction and sentence are therefore affirmed.

Affirmed.

GUILD and NASH, JJ., concur.