THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL T. PRINCIPATO, Defendant-Appellant.

Second District    No. 80-214

Opinion filed April 15, 1981.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Cynthia Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REINHARD delivered the opinion of the court:

Defendant was indicted on January 19, 1978, for the offense of burglary (Ill. Rev. Stat. 1977, ch. 38, par. 19—1). Prior to trial, defendant filed a motion to suppress certain statements allegedly made by defendant to the police. Following a hearing thereon, the trial court suppressed two of the three statements in issue. A bench trial followed and defendant was found guilty and sentenced to a six-year period of imprisonment. Defendant appeals from that conviction, claiming that his second inculpatory statement to the police was improperly admitted and considered by the trial court since it was the product of an initial inculpatory statement obtained by unconstitutional means.

Glen Ellyn police officer Craig Casino testified that in the early morning hours of December 31, 1977, he was investigating a burglary at the Kohl's Food Store in Glen Ellyn. He was standing on the roof of the store peering through a hole in the roof when he first observed defendant inside the store. Casino testified that he then climbed down into the store, placed defendant under arrest for burglary and advised defendant of his constitutional rights pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. At that time, Officer Casino asked defendant if anyone else was inside the store and defendant purportedly replied that "he was alone in the situation."

Shortly thereafter, Sergeant Clouse of the Glen Ellyn Police Department arrived at the scene and he instructed Officer Casino to admonish defendant as to his constitutional rights. Both Sergeant Clouse and Officer Casino testified that Casino then read defendant his *Miranda* rights. Sergeant Clouse then asked defendant if there was anyone else in the store and defendant replied, "I am in here alone" or "I am alone" or "I am in this alone."

After arriving at the Glen Ellyn police station, Officer Casino testified that he again advised defendant of his constitutional rights and asked him who was involved with him in the burglary of the Kohl's Food Store. Defendant purportedly replied, "If I tell you * * * somebody else was involved with me, they promised that they will kill my kids * * *."

The trial court made the following rulings with regard to defendant's motion to suppress. The first statement made to Officer Casino was suppressed because the trial court was not convinced that *Miranda*

warnings were, in fact, given prior to the statement being made. The second statement was not suppressed since the trial court found that it was made voluntarily after defendant had been given proper *Miranda* warnings. The third statement, which was made at the police station, was suppressed because the trial court found that it was made after defendant had indicated a desire to stop questioning.

The sole issue on appeal is whether the trial court erred in refusing to suppress defendant's second statement to the police and, if so, whether such error was harmless beyond a reasonable doubt.

Citing *Westover v. United States* (1966), 384 U.S. 494, 16 L. Ed. 2d 735, 86 S. Ct. 1638, defendant argues that the second statement to the police should have been suppressed since it clearly was the unattenuated fruit of his first statement which was obtained illegally. The only Illinois case on point cited by defendant is *People v. Raddatz* (1968), 91 Ill. App. 2d 425, 235 N.E.2d 353. In *Raddatz*, the police subjected the defendant to custodial interrogation without giving him proper *Miranda* warnings, and as a result of that improper questioning, an oral confession was obtained. Shortly thereafter, the defendant gave a written confession to an assistant state's attorney after being advised of his constitutional rights. Relying on *Westover*, the trial court suppressed both the oral and the written confession, and that order was affirmed by the appellate court. 91 Ill. App. 2d 425, 235 N.E.2d 353.

While the *Raddatz* decision has been followed (see, *e.g., People v. Riszowski* (1974), 22 Ill. App. 3d 741, 318 N.E.2d 10), it was expressly distinguished in *People v. Andrus* (1976), 37 Ill. App. 3d 533, 346 N.E.2d 435, and *People v. Landgham* (1970), 122 Ill. App. 2d 9, 257 N.E.2d 484, and cited without discussion in *People v. Roberson* (1977), 46 Ill. App. 3d 750, 361 N.E.2d 116. See also *People v. Tankson* (1980), 92 Ill. App. 3d 328, 415 N.E.2d 1218.

For example, in *Andrus*, the court said:

"[N]o evidence was introduced at the hearing on the motion to suppress that defendant gave the second statement because he had made the first. Defendant cites *People v. Raddatz*, 91 Ill. App. 2d 425, 235 N.E.2d 353 (1st Dist. 1968). But in *Raddatz* the defendant testified without contradiction that he gave a written statement after being given the *Miranda* warning solely because he believed that he had already confessed in a prior oral statement subsequently ruled inadmissible and that a second statement would make no difference. No such testimony appears in the instant case." (*People v. Andrus* (1976), 37 Ill. App. 3d 533, 535, 346 N.E.2d 435, 436.)

And in *Landgham*, the court stated that:

"Contrary to Raddatz, defendant did not claim, nor did he show,

that his decision to give the written confession was in any way influenced by what he had said orally. Therefore, defendant's contention that the written confession was tainted by the circumstances that produced the oral statements is without merit." *People v. Landgham* (1970), 122 Ill. App. 2d 9, 20, 257 N.E.2d 484.

In *Roberson*, this court held that a written confession obtained from the defendant after proper *Miranda* warnings were given should not have been suppressed even though an earlier statement from the defendant was inadmissible for failure to accord proper warnings:

"The voluntariness of a statement or confession is to be determined from the totality of the circumstances. (*People v. Prim*, 53 Ill. 2d 62, 70 (1972).) The fact that an earlier statement is inadmissible for failure to accord proper warnings does not necessarily make the subsequent statement which has been voluntarily reduced to writing after proper warnings have been given inadmissible. (*People v. Andrus*, 37 Ill. App. 3d 533, 535 (1976); *People v. Willis*, 26 Ill. App. 3d 518, 527 (1975).) If a subsequent statement is given after proper warnings and under circumstances assuring its voluntariness where the defendant has not requested that questioning be cut off (*People v. Washington*, 41 Ill. App. 3d 475 (1976); cf. *People v. Eason*, 44 Ill. App. 3d 308 (1976)), and particularly where no evidence is adduced to show that the second statement is the product of the first, the later statement is admissible." 46 Ill. App. 3d 750, 756, 361 N.E.2d 116, 120-21.

Finally, the language used by our supreme court in *People v. Burris* (1971), 49 Ill. 2d 98, 273 N.E.2d 605, is instructive. In *Burris*, the defendant argued that a written statement which he gave to an assistant state's attorney should have been suppressed since it was induced by, and the product of, an earlier oral statement made prior to proper *Miranda* warnings. The supreme court, in rejecting the defendant's argument, stated:

"[Defendant] did not testify that the subsequent written statement was in any way the product of any previous interrogation or that he felt compelled to give a written statement because of anything he may have previously said to the detective. It would appear that if the written statement had in any way been influenced by any previous interrogation or conduct, the defendant would have given some testimony from which such an inference could have been drawn. We conclude that the written statement was properly admitted into evidence." 49 Ill. 2d 98, 104, 273 N.E.2d 605, 609-10.

Viewing defendant's second inculpatory statement in light of the totality of the circumstances, and with regard to the above-mentioned decisions, we conclude that the statement was properly admitted into

evidence. Although the statement was made only a short time after the improper questioning and to the same police authority, and although the defendant was continuously in custody, we believe the dispositive consideration on this appeal is that defendant did not testify, or even allege in his motion to suppress, that the second statement was the product of the previous improper interrogation. Under the facts of this case, where there is nothing in the record which would create an inference that the second statement was the product of the first, we can find no basis for suppression of the second statement.

Finally, even were this court of the opinion that the second inculpatory statement was improperly admitted into evidence, this would not necessitate reversal of defendant's conviction since such error would be harmless beyond a reasonable doubt. (See *Chapman v. California* (1967), 368 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) The evidence of defendant's guilt was nothing short of overwhelming and it cannot seriously be argued that the statement, "I am in this alone" played any significant role in defendant's conviction. Defendant was found alone in the Kohl's Food Store in the early morning hours of December 31, 1977; there was a hole in the roof, in a store partition and in the store safe; there was a bag on the ground next to defendant containing $10,076 in cash; and, the store manager testified that the store had a cash shortage on December 31, 1977, of $14,451 and that he had not given anyone permission to be in the store at that time. Under these facts, any error relative to admission of defendant's second inculpatory statement into evidence would certainly be considered harmless.

Affirmed.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.